

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2002

# USA v. Frazier

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Frazier" (2002). *2002 Decisions.* Paper 458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3003
_____

UNITED STATES OF AMERICA

v.

TIMMY FRAZIER,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 99-cr-00226
(Honorable Stephen M. Orlofsky)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2002

Before:  SCIRICA, BARRY and WEIS, Circuit Judges

(Filed:  July 29, 2002)

_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

Timmy Frazier filed this pro se appeal contending he should be resentenced because his attorney promised he would receive a sentence below the statutory mandatory minimum for cooperating with the government.  Defense counsel filed a motion to withdraw as counsel and an Anders brief, asserting that Frazier's appeal raises no nonfrivolous issues.  We will grant defense counsel's request to withdraw, and affirm the judgment and sentence of the District Court.

I.

Frazier pled guilty to a one-count information charging him with conspiring to distribute and possess, with intent to distribute, more than five kilograms of cocaine, in violation of 21 U.S.C.   841(a)(1) and 21 U.S.C.   846.  The plea agreement explicitly stated Frazier would plead guilty to a violation of 21 U.S.C.   846 as charged and that it "carrie[d] a statutory minimum of 10 years' imprisonment."  The District Court conducted a plea hearing in accordance with Fed. R. Crim. P. 11, and accepted Frazier's guilty plea.

On July 9, 2001, the District Court held a sentencing hearing.  Neither Frazier nor the government objected to the Pre-Sentence Report.  Under the guidelines, Frazier's offense level was 31 with a criminal history category of III, exposing him to a guideline range of 135 to 168 months' incarceration.  Although Frazier entered a non-cooperating plea agreement, he subsequently cooperated with the government and, in return, the government moved for a downward departure under U.S.S.G.   5K1.1 based upon

Frazier's substantial assistance.

The government asked the District Court to depart downward fifteen months to the mandatory minimum sentence of 120 months under 21 U.S.C. 841 but made clear that it was not requesting or authorizing "the court under 18 U.S.C. 3553(E) to impose a sentence . . . below the level established by the statute as the minimum mandatory sentence." The District Court granted the downward departure and sentenced Frazier to 120 months' incarceration, the lowest possible sentence under the statute. Frazier appeals, claiming his attorney promised him that he would receive only five to six years after cooperating with the government.

                              II.

"In Anders, the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001). The Supreme Court directed that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. The Court further instructed that defense counsel's request "must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief, our inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citations omitted).

We have stated that when preparing an Anders brief, the duties of defense counsel are "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." Id. Defense counsel's brief focuses on the Rule 11 plea hearing and the District Court's decision to grant the government's 5K1.1 motion to depart downward from the applicable guideline range to the mandatory minimum sentence. As noted, in his pro se brief, Frazier contends the District Court erred because it only departed downward 15 months instead of departing below the mandatory statutory minimum of 10 years.

Defense counsel's brief demonstrates counsel thoroughly examined the record in search of appealable issues and explained why the issues are frivolous. The plea colloquy complied with Fed. R. Crim. P. 11. The court established that Frazier understood his constitutional rights and the nature of the criminal charges. Upon review, it is clear that Frazier entered a knowing and voluntary guilty plea to a charge that carried a mandatory statutory minimum of 10 years. There was no question about Frazier's competence or comprehension. The District Court questioned Frazier on all required and relevant issues related to his role in the offense, as well as his understanding of the proceedings.

The sentencing proceedings also met the requirements of Fed. R. Crim. P. 32. As noted, the government filed a motion for downward departure under U.S.S.G. 5K1.1 based on Frazier's substantial assistance. In response, Frazier's counsel at sentencing requested a further downward departure below the minimum mandatory sentence. The District Court denied this request, correctly concluding it did not have the authority to depart downward "below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance" absent a motion by the government. 18 U.S.C. 3553(e); see also Melendez v. United States, 518 U.S. 120, 125-26 (1996) ("We believe that 3553(e) requires a Government motion requesting or authorizing the district court to impose a sentence below a level established by statute as minimum sentence before the court may impose such a sentence.") (quotation and citation omitted).

Accordingly, there are no nonfrivolous arguments raised in this appeal.

                              III.

For the foregoing reasons, we will grant defense counsel's request to withdraw and affirm the judgment and sentence of the District Court.


TO THE CLERK:

        Please file the foregoing opinion.

          /s/ Anthony J. Scirica
Circuit Judge