United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30920
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE BERNARD HALL, also known as Larry,

Defendant - Appellant.

* * * * *
Consolidated with
02-30962
* * * * *

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGELO DONDEE NORMAN,

Defendant - Appellant.

* * * * *
Consolidated With
02-31194
* * * * *

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STANLEY L HAMBURG,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-30043-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lawrence Bernard Hall, Angelo Dondee Norman, and Stanley L. Hamburg, appeal following their guilty-plea convictions for conspiracy to distribute 50 grams or more of cocaine base.  The Federal Public Defender appointed to represent Hall has moved for leave to withdraw from this appeal and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967).  Hall was mailed a copy of counsel's motion and brief but has not filed a response.  Our independent review of the brief and the record discloses no nonfrivolous issue with respect to Hall. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and Hall's APPEAL IS DISMISSED.  See 5TH CIR. R. 42.2.

Norman argues that the district court clearly erred in assessing a U.S.S.G. § 3B1.1(b) three-level adjustment for his leadership role in the offense.  Norman blue brief, 8-13.  He contends that, but for this adjustment, he would have qualified for a safety valve reduction pursuant to U.S.S.G. § 5C1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that the Government met its burden of proving by a preponderance of the evidence that Norman played a leadership role in the offense and that the criminal activity involved at least five participants. United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993). Accordingly, the district court did not clearly err in assessing a three-level increase pursuant to U.S.S.G. § 3B1.1(b). United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). As a defendant receiving an aggravating role adjustment pursuant to U.S.S.G. § 3B1.1, Norman was ineligible for relief under the safety valve provision. See U.S.S.G. § 5C1.2(4). Accordingly, his sentence is AFFIRMED.

Hamburg argues that, since the statutory minimum sentence and his guideline minimum sentence were the same, the district court was authorized to depart below the statutorily-mandated ten-year minimum for his offense. Because Hamburg raises this issue for the first time on appeal, it is subject to plain error review. Pursuant to FED. R. CRIM. P. 52(b), we may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). Because Hamburg fails to identify "clear or obvious" error, his sentence is AFFIRMED. See Melendez v. United States, 518 U.S. 120, 125-26, 129-30 (1996).