**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4513

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS JERMAINE MCDANIEL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-140-FWB)

Submitted:  April 26, 2006                    Decided:  May 12, 2006

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John J. Korzen, Kernersville, North Carolina, for Appellant. Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marcus Jermaine McDaniel pled guilty to one count of conspiracy to distribute in excess of fifty grams of cocaine base ("crack"), in violation of 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(A), 846 (West 1999 & Supp. 2005). The district court sentenced McDaniel to 240 months in prison. McDaniel timely appealed. McDaniel's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious grounds for appeal, but questioning whether the district court erred in sentencing McDaniel to 240 months in prison. McDaniel filed a pro se supplemental brief challenging his sentence and asserting that his guilty plea was involuntary. We affirm McDaniel's conviction and sentence.

McDaniel and his counsel question whether the district court erred in imposing a 240-month sentence. Under 21 U.S.C. § 841(b)(1)(A), there is a mandatory minimum sentence of twenty years and a maximum sentence of life in prison for convictions involving fifty grams or more of crack when a defendant previously has been convicted of a felony drug offense. McDaniel pled guilty to conspiracy to distribute more than fifty grams of crack and the government's 21 U.S.C. § 851 (2000) information notified him of the government's intent to use one of his North Carolina felony drug convictions to trigger the twenty-year statutory mandatory minimum sentence. Thus, his mandatory minimum sentence was twenty years in

prison. McDaniel's challenges to the determination of his guideline range are meritless and, in any event, would not warrant relief from his sentence because the district court departed below the guideline range to sentence him to the statutory mandatory minimum sentence.

McDaniel also challenges the district court's failure to impose a sentence below the statutory minimum sentence. However, a district court may depart below a statutory mandatory minimum term of imprisonment only if the government files a motion under 18 U.S.C. § 3553(e) (2000). Melendez v. United States, 518 U.S. 120, 128-30 (1996). No such motion was filed in this case; accordingly, the district court lacked the authority to impose a sentence below 240 months.

Finally, McDaniel asserts that his guilty plea was involuntary because he felt pressured into the plea by the fear of a life sentence. However, McDaniel's plea was not rendered involuntary merely because it was influenced by his desire to avoid a higher sentence. North Carolina v. Alford, 400 U.S. 25, 31, 37-38 (1970).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McDaniel's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED