**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4439

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACK EARL BEST,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-02-243)

Argued: October 24, 2006                    Decided: January 17, 2007

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Douglas Everette Kingsbery, THARRINGTON, SMITH, L.L.P., Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Earl Best appeals his convictions and life sentence for various drug-trafficking crimes. Best, who represented himself during a portion of his trial and at sentencing, contends that he is entitled to a new trial because the district court failed to suppress certain evidence and because of restrictions the court placed on his ability to cross-examine witnesses. Best further contends that the government's refusal to move for a downward departure at sentencing was based on an unconstitutional motive. Because Best's arguments are unpersuasive, we affirm his convictions and sentence.

I.

In a superceding indictment filed on August 4, 2004, Best was charged with four drug-related offenses: conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; distributing cocaine in violation of 21 U.S.C. § 841(a)(1); possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a); and maintaining a place for the purposes of manufacturing and distributing cocaine in violation of 21 U.S.C. § 856. These charges stemmed from a controlled buy that a confidential informant for the Sheriff's Department of Wayne County, North Carolina, made from Best at his home on April 4, 2002. The informant, Derwin

2

Wallace, bought a half kilogram of cocaine from Best using $14,000 provided to him by the police. Shortly after the sale, law enforcement agents obtained and executed a search warrant for Best's house, yielding 87 grams of cocaine and $51,000 in cash. While the search was in progress, Special Agent John Rea of the North Carolina State Bureau of Investigation spoke with Best, encouraging him to cooperate with the police. Rea had known Best for 15 years as a result of other investigations and told Best that if he cooperated, the officers would inform the state or federal prosecutor of his assistance, and the prosecutor would then relay that information to the sentencing judge. Best agreed to assist the police and began by telling them where they could find the cocaine and $37,640 in cash that was hidden throughout his house. Although Best did not tell the officers about the $14,000 that he had just received from the controlled buy, the police found this money as well.

To prevent Best's suppliers from being made aware of his cooperation, the police decided not to arrest him immediately after concluding the search and instead asked him to drive down to the police station to be interviewed. A short time later at the station, Best identified his suppliers, brothers whom he knew only as Sal and Louie, and gave details about the quantity and frequency of his cocaine purchases from each. Based on this information, the police instructed Best to contact both suppliers and arrange for

3

controlled buys.  Best set up controlled buys to take place a few days later on April 9, 2002.  The buys went as planned and both men, whose real names are Nicandro and Flavio Alvarez, were arrested, prosecuted and sentenced.  Following the Alvarez arrests, police met once more with Best and encouraged him to set up additional controlled buys with other suppliers.  Rather than continue cooperating, Best stopped communicating with police and fled North Carolina.  Best's family members were unable to tell police where he had gone.  These circumstances prompted the authorities to obtain a federal indictment against Best on September 17, 2002, and a bench warrant was issued for his arrest.

On August 13, 2003, Best was arrested in Maryland and returned to North Carolina.  According to Best's former lawyer, the government, during plea negotiations, offered to make a substantial assistance motion for a downward departure at Best's sentencing if he agreed to plead guilty.  Best declined to make any such agreement even after being informed that if he went to trial, the government planned to introduce the incriminating information he had provided during his initial debriefing as well as the testimony of his former suppliers, the Alvarez brothers.  Although Best moved to suppress his statements and all evidence which flowed from them, the district court adopted the magistrate judge's recommendation that this motion be denied.  Notwithstanding this adverse ruling, Best chose to go to trial.  Shortly before the trial began, the

4

government filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851, given Best's three prior drug felonies.

On the second day of his trial, Best asked for permission to represent himself for the remainder of the proceedings. At this point, three government witnesses had already testified and been cross-examined. In the process of advising Best of his right to represent himself as well as the potential pitfalls of doing so, the district court stated, "You know that you cannot ask leading questions and you can only ask questions of what they've already testified about. You cannot cross certain lines; that is ask about criminal records that are more than 10 years old as an example and things like that." J.A. 290. Best responded, "Yes, I know that." Id. After a thorough inquiry, the district court accorded Best his right to proceed pro se. The court also appointed Best's lawyer as standby counsel and told Best that he could confer with the lawyer during the remainder of the trial. Best chose to have the lawyer sit with him at counsel table.

Best was convicted on all four counts and sentenced on April 5, 2005. At the sentencing hearing, it was agreed that absent a substantial assistance motion pursuant to 18 U.S.C. § 3553(e), the district court would be required, under 21 U.S.C. §§ 841(b)(1)(A) and 851, to impose mandatory minimum sentences of life imprisonment (count 1), 360 months (counts 2 and 3) and 240

months (count 4). Although the prosecutor reminded the court of Best's role in obtaining the arrests of the Alvarez brothers, he also stated that the government would not be making a substantial assistance motion. While Best, who was representing himself, objected to the government's decision not to request a downward departure, the district court noted that only the government could decide if his cooperation warranted a substantial assistance motion. After Best was given an opportunity to state any reasons supporting a downward departure, the district court sentenced him to life imprisonment for count 1, 360 months for counts 2 and 3, and 240 months for count 4, all to be served concurrently.

Best appeals his convictions and sentence.

## II.

Best contends that the district court erred in allowing the government to introduce into evidence information that he volunteered during his April 4, 2002, interview at the police station regarding his suppliers and his dealings with them. The prosecution used Best's statements to prove his participation in the drug conspiracy charged in count 1 as well as the allegations of drug amounts involved in the several counts. Best asserts for the first time on appeal that the police had made an implied promise that the information he volunteered in the process of his cooperation would not be used against him. Essentially, Best

6

claims that he had impliedly been given use immunity in return for his cooperation.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be filed prior to trial. Best's only pretrial motion objecting to the introduction of this evidence was made under the theory that his statements had been coerced and that police had disregarded the procedural safeguards guaranteed to him by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). The district court denied this motion. After failing at the pretrial stage to have his statements suppressed by arguing coercion and <u>Miranda</u> violations, Best now argues to us that his statements were voluntary but should have been excluded nevertheless on the theory of use immunity. But Best made no pretrial motion to suppress on this basis. Under Rule 12(e) failure to make a pretrial motion to suppress "constitutes waiver of the defense or objection unless the defendant can demonstrate just cause for the failure." <u>United States v. Ricco</u>, 52 F.3d 58, 62 (4th Cir. 1995). Best has made no attempt to demonstrate cause, and we therefore conclude that he has waived this assignment of error.

III.

Best next attacks his conviction by arguing that the district court erred when it instructed him that, in representing himself, he could not ask leading questions of government witnesses

7

or inquire about subjects they had not been questioned about on direct examination. Because Best raised no objection to this instruction below, we review this claim for plain error. United States v. Olano, 507 U.S. 725, 731 (1993) (reiterating that plain error affecting substantial rights may be noticed).

A review of the trial transcript shows that Best inquired about subjects not addressed on direct examination and asked each witness leading questions. Moreover, Best has not established any prejudice flowing from the district court's unheeded restrictions because he has not mentioned any subjects he was precluded from exploring on cross-examination. Because any error here did not affect Best's substantial rights, we reject this argument.

IV.

Best also contests his sentencing, asserting that the district court erred in refusing to compel the government to move for a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e). That subsection, entitled "Limited authority to impose a sentence below a statutory minimum," reads in full:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

8

18 U.S.C. § 3553(e). Best contends: (1) that the government had agreed to make a substantial assistance motion and that the district court should have required the government to honor this agreement; (2) that the district court erred in depriving him of the opportunity to prove that the government had made such an agreement; and (3) that the government's refusal to file the motion was based on an unconstitutional motive. We examine each contention in turn.

A.

Best claims that the district court improperly disregarded an agreement made by the government to make a substantial assistance motion. To support his claim, Best points to testimony given by Officer Rea at trial wherein Rea recounted telling Best that if he cooperated, law enforcement officers would tell state or federal prosecutors of his cooperation, and these prosecutors would in turn inform the sentencing judge. Best does not claim that he had a sentencing agreement with federal prosecutors, the only officials who have "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). Because § 3553(e) entrusts wide discretion to federal prosecutors in deciding whether to make a substantial assistance motion, and no agreement was established here that would constrain this discretion, the district

court did not err in refusing to compel the government to make the motion.

## B.

Best's contention that the district court prevented him from proving the government's agreement to make a substantial assistance motion is equally unavailing. The portion of the sentencing transcript that Best cites in support of his claim that the district court would not "permit [him] to make any further showing on whether the government was contractually bound" to make a motion deals only with Best's repeated claim that the government promised that he would not be prosecuted at all. Appellant's Br. at 17-18 (citing J.A. 550). The district court appropriately declined to allow Best to continue contesting at his sentencing hearing the basic fact that he had been charged and convicted. Later in the hearing, the district court asked Best if he had any basis for a downward departure that he wished to place before the court. Best then recounted his role in the drug busts of the Alvarez brothers and stated that he felt he deserved a downward departure. No limitations were placed on Best's ability to present additional arguments or other evidence. As a result, this claim also fails.

## C.

Finally, Best argues that the government's refusal to file a substantial assistance motion was based on an

unconstitutional motive, namely to retaliate against him for exercising his right to a trial by jury. Because this claim is raised for the first time on appeal, we review for plain error the district court's decision to refuse to compel the motion. Olano, 507 U.S. at 731.

Although § 3553(e) accords the government the power to decide whether to file a substantial assistance motion, the Supreme Court in Wade v. United States established "that a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." 504 U.S. at 185. Wade held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Id. at 185-86. A "refusal to move [that] was not rationally related to a legitimate Government end" or a refusal based on the defendant's race or religion were given as examples of unconstitutional motive that would entitle the defendant to relief. Id. at 186-87. However, before a court may order any relief, including discovery or an evidentiary hearing, the defendant must make a "substantial threshold showing." Id. at 186. This threshold requirement is not satisfied by claims "that a defendant provided substantial assistance" nor by "generalized allegations of improper motive." Id.

11

The Third Circuit has recognized that the government's refusal to make a substantial assistance motion in retaliation for the defendant's exercise of his trial right constitutes an unconstitutional motive under Wade. See United States v. Paramo, 998 F.2d 1212, 1219 (3d Cir. 1993). We do not reach that circumstance today because Best is unable to make the required threshold showing of impropriety. Best argues that the unconstitutional motivation of the government was revealed at the sentencing hearing when the district court asked the prosecutor if he wished to make a statement on the record as to Mr. Best's cooperation. The Assistant U.S. Attorney began by recounting Best's role in setting up the Alvarez brothers. The AUSA continued by stating that:

> [T]he defendant subsequently broke off all communications with law enforcement agents and I would submit to the Court was a fugitive for approximately a year before being apprehended in Maryland by a state trooper up there. I would submit to the Court furthermore that by the defendant denying any guilt in this case by requiring the government to go to trial, which he has that right to do, has not accepted responsibility and therefore should not qualify under 5K1 for a motion for substantial assistance based on the totality of the evidence as received by this Court.

J.A. 555. Best correctly points out that the AUSA made a misstatement when he asserted that Best did not qualify for a downward departure under the Sentencing Guidelines pursuant to § 5K1.1 because he had not "accepted responsibility" by pleading guilty. Application Note 2 to § 5K1.1 makes clear that:

12

> The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility. Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct.

18 U.S.S.G. § 5K1.1, Application Note 2. We do not find the prosecutor's misstatement to be material. First, for sake of clarity, we note that motions pursuant to § 5K1.1 are not interchangeable with motions pursuant to § 3553(e). See Melendez v. United States, 518 U.S. 120, 130-31 (1996). A substantial assistance motion pursuant to § 5K1.1 asks the district court to consider sentencing the defendant below the advisory Guidelines range, while only a motion made by the government under § 3553(e) authorizes the district court to impose a sentence below a statutory minimum. In this case Best's sentencing was driven by statutorily mandated minimums. Still, even assuming that the Sentencing Commission intended the Application Notes to § 5K1.1 to govern substantial assistance motions under both the Guidelines and statutory minimums, see 28 U.S.C. § 994(n), Best cannot make a threshold showing of unconstitutional motive based on the prosecutor's statement at sentencing. In responding to the district court's question about Best's degree of cooperation, the prosecutor highlighted the fact that after setting up the Alvarez brothers, Best "subsequently broke off all communications with law enforcement agents and . . . was a fugitive for approximately one

13

year before being apprehended." J.A. 555. After the Alvarez brothers were arrested, the police asked Best to continue setting up other dealers. Rather than continue providing assistance, Best fled. Refusing to make a substantial assistance motion for a partially cooperative former fugitive is well within the government's legitimate discretion.

Best nonetheless argues that the record shows that his flight was not the government's true reason for refusing to move for a downward departure. He relies on the representation of his standby counsel at sentencing that in pretrial negotiations Best had been offered a substantial assistance motion on the condition that he plead guilty. It is well established that "[a] guilty plea may justify leniency." Brady v. United States, 397 U.S. 742, 752 (1970). On the other hand, the Supreme Court has condoned "the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial." Ala. v. Smith, 490 U.S. 794, 802 (1989) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). Given the pressure that the prosecutor may legitimately apply "at the bargaining table [] to persuade the defendant to forgo his right to plead not guilty," Bordenkircher, 434 U.S. at 364, Best cannot impugn the government's motivation simply by pointing to the prosecutor's reference to a potential substantial assistance motion in connection with plea discussions.

14

Best has not made the "substantial threshold showing" that would allow him to proceed with his claim of unconstitutional motive.  Again, the district court did not commit error in refusing to compel a substantial assistance motion.

* * *

Best's convictions and sentence are

<u>AFFIRMED</u>.

15