**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4225**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH GRAYSON WARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:02-cr-00002-1)

Submitted:  August 22, 2007      Decided:  September 6, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy C. Kulp, KULP LAW OFFICE, Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Grayson Ward pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). During the plea hearing, the Government provided oral notice of its intent to seek an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(A) (2000), based on a prior felony drug conviction. The district court sentenced Ward to the statutory minimum 240 months of imprisonment. We affirm.

Ward first argues that the district court erred in accepting his guilty plea by failing to ensure that an adequate factual basis was established to support the plea. He asserts that the factual basis provided by the Government at the plea hearing was insufficient because it did not include information as to drug quantity or whether the methamphetamine was actual methamphetamine or a mixture containing methamphetamine. He also contends this his admission that his activities involved at least fifty grams of methamphetamine is not sufficient to establish that the offense involved fifty grams of actual methamphetamine.

Ward did not seek to withdraw his guilty plea, therefore we review allegations of error in the plea hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To demonstrate plain error, Ward must establish that error occurred, that it was plain, and that it affected his substantial

rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If a defendant satisfies these requirements, the Court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

Ward pleaded guilty to an indictment charging a conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine. Contrary to Ward's assertions on appeal, his plea is more reasonably interpreted as encompassing a conspiracy involving actual methamphetamine, as the indictment did not mention a mixture or substance containing methamphetamine. Moreover, Ward's admission that his offense involved at least fifty grams of methamphetamine, when combined with the information provided in the Government's factual basis, was sufficient to establish all elements of the conspiracy.

Ward also argues that the district court violated Fed. R. Crim. P. 32(i)(1)(A) because the court did not inquire whether Ward and his attorney had read the addendum to the presentence report (PSR). The addendum to the PSR addressed Ward's exceptions to the PSR, as there were no objections by the Government. Further review by Ward of his exceptions was unnecessary. Moreover, counsel's acknowledgment that he and Ward had reviewed the PSR is an implicit

reference to the addendum.  We conclude that the district court did not err in this regard.

Ward next asserts that the district court violated Rule 32(i)(3)(B) in failing to specifically address and resolve Ward's exceptions to the PSR.  At sentencing counsel informed the court that there were no further objections and that Ward did not desire that he argue the filed exceptions at that time, but wanted the exceptions to be part of the record.  Although the district court erred in failing to make further inquiry to determine whether the exceptions remained pending for resolution or were waived by Ward, this error did not prejudice Ward.  The district court imposed the statutory minimum sentence, which negated any Guidelines[*] error that was asserted in Ward's exceptions to the PSR.  The court's failure to resolve those exceptions had no effect on Ward's sentence.

Ward next argues that the district court erred in enhancing his sentence to a mandatory minimum twenty-year term because the Government failed to comply with the requirements of 21 U.S.C. § 851 (2000).  He asserts that the Government failed to properly provide written notice of the prior conviction, and that the information elicited at the plea hearing was insufficient to identify the conviction that the Government intended to rely on to enhance his sentence.  At the plea hearing, the Government gave

_____

[*]U.S. Sentencing Guidelines Manual (2000).

- 4 -

oral notice of the prior conviction. Ward acknowledged the prior conviction, provided information about the conviction, and clearly waived his right to written notice of the intended enhancement of his sentence based on the conviction. Ward acknowledges these facts, but asserts that the Government's failure to comply with § 851 deprived the district court of authority to impose an enhanced sentence. We recently rejected a virtually identical argument. <u>United States v. Beasley</u>, __ F.3d __, 2007 WL 2121722, at *3 (4th Cir. July 25, 2007). Our review of the record leads us to conclude that Ward validly waived the procedural requirements of § 851, and there is no question that he was on notice of the prior conviction in question.

Ward next argues that the district court erred in enhancing his sentence to a twenty-year mandatory minimum because the record was insufficient to establish the drug quantity and type required to invoke the statutory provision under which Ward was sentenced. This argument is merely a recast of his assertion that his plea was not supported by a sufficient factual basis regarding drug quantity and type. Ward's plea to the indictment after being advised of the twenty-year mandatory minimum that was based on drug quantity and type and his prior conviction, coupled with his specific admission that his conduct involved at least fifty grams of methamphetamine, were sufficient to establish the statutory parameters of his sentence. The district court did not err in

concluding that Ward was subject to the twenty-year mandatory minimum.

Ward also asserts that the enhancement of his sentence to a twenty-year minimum was erroneous because the district court failed to ensure that the record adequately established the fact of a prior qualifying conviction. In light of Ward's admission of the conviction at the plea hearing and the documentation of the conviction in the PSR, we find this argument meritless.

Ward next argues that the district court erred in determining his Guidelines range because the court failed to account for Amendment 611 in determining drug quantity, and that the court erred in imposing a four-level enhancement of his offense level based on his role in the offense. We conclude that, even if error occurred, it was harmless, as Ward was sentenced to the statutory mandatory minimum 240-month term of imprisonment. A district court may depart below a statutory mandatory minimum term of imprisonment only if the Government files a motion under 18 U.S.C. § 3553(e) (2000). Melendez v. United States, 518 U.S. 120, 128-30 (1996). There was no discussion of a departure in this case, thus the district court had no authority to impose a sentence below the statutory term, and any error in the offense level calculations had no effect on Ward's sentence.

Ward's final argument is that counsel provided ineffective assistance by failing to object to the leadership role

enhancement, failing to require written notice under § 851 and proof of the prior felony drug conviction before allowing Ward to enter his plea, and failing to seek the district court's resolution of Ward's objections to the PSR. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record does not conclusively show that counsel was ineffective. We therefore decline to consider Ward's allegations of ineffective assistance of counsel, as he may raise them in a § 2255 motion.

Accordingly, we affirm Ward's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED