## MELENDEZ *v.* UNITED STATES

No. 95–5661.   Argued February 27, 1996—Decided June 17, 1996

THOMAS, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and SCALIA, KENNEDY, SOUTER, and GINSBURG, JJ., joined, and in which O'CONNOR and BREYER, JJ., joined as to Parts I and II. SOUTER, J., filed a concurring opinion, *post*, p. 131. STEVENS, J., filed an opinion concurring in the judgment, *post*, p. 132. BREYER, J., filed an opinion concurring in part and dissenting in part, in which O'CONNOR, J., joined, *post*, p. 132.

*Patrick A. Mullin* argued the cause for petitioner. With him on the briefs were *David Zlotnick* and *Peter Goldberger.*

*Irving L. Gornstein* argued the cause for the United States. With him on the brief were *Solicitor General Days, Acting Assistant Attorney General Keeney,* and *Deputy Solicitor General Dreeben.**

---

*Alan I. Horowitz, James R. Lovelace,* and *Barbara E. Bergman* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae* urging reversal.

*Chester M. Keller* filed a brief for the Association of Criminal Defense Lawyers in New Jersey as *amicus curiae.*

JUSTICE THOMAS delivered the opinion of the Court.

The issue here is whether a Government motion attesting to the defendant's substantial assistance in a criminal investigation and requesting that the district court depart below the minimum of the applicable sentencing range under the Sentencing Guidelines also permits the district court to depart below any statutory minimum sentence. We hold that it does not.

I

Petitioner and several others entered into an agreement to buy cocaine from confidential informants of the United States Customs Service. As a result, petitioner was charged with conspiring to distribute and to possess with intent to distribute more than five kilograms of cocaine, see § 406, 84 Stat. 1265, as amended, 21 U. S. C. § 846, a crime that carries a statutory minimum sentence of 10 years' imprisonment, see § 841(b)(1)(A). Plea negotiations ensued, and petitioner ultimately signed a cooperating plea agreement. The agreement provided, in pertinent part, that in return for petitioner's cooperation with the Government's investigation and his guilty plea, the Government would "move the sentencing court, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range." App. 9. The agreement noted that the offense to which petitioner would plead guilty "carries a statutory mandatory minimum penalty of 10 years' imprisonment." Id., at 6. The agreement did not require the Government to authorize the District Court to impose a sentence below the statutory minimum, nor did it specifically state that the Government would oppose departure below the statutory minimum.

Petitioner pleaded guilty to the charged conspiracy. The probation officer determined that the Guideline sentencing range applicable to petitioner's crime was 135 to 168 months' imprisonment. In a letter to the court, the Government described the assistance rendered by petitioner and moved the

court to impose "a sentence lower than what the [c]ourt ha[d] determined to be the otherwise applicable *[sic]* under the sentencing guidelines." *Id.,* at 13–14. The letter specifically noted that "[t]his motion is made pursuant to Section 5K1.1." *Id.,* at 13. The Government did not request a sentence below the statutory minimum, although, again, it did not state that the Government opposed such a departure. The District Court granted the Government's motion and departed downward from the sentencing range set by the Guidelines. However, because the Government had not also moved the District Court to depart below the statutory minimum pursuant to 18 U. S. C. § 3553(e), the court ruled that it had no authority to so depart; it thus imposed the 10-year minimum sentence required by statute.

On appeal, petitioner contended that the District Court had erred in concluding that it had no authority to depart below the statutory minimum. A § 5K1.1 motion, he argued, not only allows the court to depart downward from the sentencing level set by the Guidelines but also permits the court to depart below a lower statutory minimum. See United States Sentencing Commission, Guidelines Manual § 5K1.1, p. s. (Nov. 1995) (USSG). A divided panel of the Court of Appeals for the Third Circuit rejected that argument and affirmed the 10-year sentence. 55 F. 3d 130 (1995). A petition for rehearing was denied, with six judges dissenting.

As we noted in *Wade* v. *United States,* 504 U. S. 181, 185 (1992), the Courts of Appeals disagree as to whether a Government motion attesting to the defendant's substantial assistance and requesting that the district court depart below the minimum of the applicable sentencing range under the Guidelines also permits the district court to depart below any statutory minimum.[1]

---

[1] Compare 55 F. 3d 130 (CA3 1995) and *United States* v. *Rodriguez-Morales,* 958 F. 2d 1441 (CA8), cert. denied, 506 U. S. 940 (1992), with *United States* v. *Ah-Kai,* 951 F. 2d 490 (CA2 1991), *United States* v. *Beckett,* 996 F. 2d 70 (CA5 1993), *United States* v. *Wills,* 35 F. 3d 1192 (CA7 1994), and *United States* v. *Keene,* 933 F. 2d 711 (CA9 1991).

We granted certiorari to resolve the conflict. 516 U. S. 963 (1995). We now hold that such a motion does not authorize a departure below a lower statutory minimum.

## II

The question presented involves two subsections of federal statutes and a policy statement of the Guidelines. Title 18 U. S. C. § 3553(e) provides:

> "Limited authority to impose a sentence below a statutory minimum.—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code."

Title 28 U. S. C. § 994(n), in turn, states:

> "The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

Finally, the text of § 5K1.1 of the Guidelines provides:

> "Substantial Assistance to Authorities (Policy Statement)
>
> "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

"(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following: [List of five factors for the court's consideration, including] the government's evaluation of the assistance rendered."

Petitioner argues that § 5K1.1 creates what he calls a "unitary" motion system, in which a motion attesting to the substantial assistance of the defendant and requesting a departure below the Guidelines range also permits a district court to depart below the statutory minimum.[2]  The Government views § 5K1.1 as establishing a binary motion system, which permits the Government to authorize a departure below the Guidelines range while withholding from the court the authority to depart below a lower statutory minimum.  The parties argue, naturally, that their respective interpretations of the system actually adopted by the Sentencing Commission were permissible ones under § 3553(e) and § 994(n).[3]

We believe that § 3553(e) requires a Government motion requesting or authorizing the district court to "impose a sentence below a level established by statute as minimum

---

[2] Petitioner also argues for the first time in his reply brief that the plea agreement into which he entered was at least ambiguous with respect to whether it required the Government to move the District Court to depart below the statutory minimum—and thus that the agreement itself permitted the court to depart below the 10-year minimum.  See Reply Brief for Petitioner 7–8.  We do not view this issue as included within the question upon which we granted certiorari, see Pet. for Cert. 3 ("Did the sentencing court have the discretion to depart below the applicable statutory minimum once the United States moved for departure under USSG § 5K1, without the requirement of a second government departure application under 18 U. S. C. 3553(e)?"), and petitioner appears to concede that it is not, see Tr. of Oral Arg. 15.  We therefore decline to address the argument.

[3] Although it is plain that under § 994(n), the Commission was at least authorized to create a system in which *no* Government motion of any kind need be filed before the district court may depart below the Guidelines minimum, neither party argues that the Commission has created such a system.

sentence" before the court may impose such a sentence. Petitioner and his *amici* repeatedly characterize the motion required by § 3553(e) as a "motion that substantial assistance has occurred," Brief for Petitioner 12, a "motion acknowledging the defendant's 'substantial assistance,'" *id.*, at 8, and the like. But the term "motion" generally means "[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant." Black's Law Dictionary 1013 (6th ed. 1990).[4] Papers simply "acknowledging" substantial assistance are not sufficient if they do not indicate desire for, or consent to, a sentence below the statutory minimum.[5]

Of course, the Government did more than simply "acknowledge" substantial assistance here: It moved the court to impose a sentence below the Guideline range. But we agree with the Government that nothing in § 3553(e) suggests that a district court has power to impose a sentence below the statutory minimum to reflect a defendant's cooperation when the Government has not authorized such a sentence, but has instead moved for a departure only from the applicable Guidelines range. Nor does anything in § 3553(e) or § 994(n) suggest that the Commission itself may dispense with § 3553(e)'s motion requirement or, alternatively, "deem"

---

[4] See also Random House Dictionary of the English Language 1254 (2d ed. 1987) (defining "motion" in the legal sense as "an application made to a court or judge for an order, ruling, or the like"); *Wade* v. *United States*, 504 U. S. 181, 187 (1992) ("[Substantial assistance] is a necessary condition for [a departure, but] it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving").

[5] We do not mean to imply, of course, that specific language (such as that quoted in text) or, on the other hand, an express reference to § 3553(e) is necessarily required before a court may depart below the statutory minimum. Cf. Brief for Petitioner 5–6, 18, 32, 34 (characterizing the opposing argument in this fashion). But the Government must in some way indicate its desire or consent that the court depart below the statutory minimum before the court may do so.

a motion requesting or authorizing different action—such as a departure below the Guidelines minimum—to be a motion authorizing the district court to depart below the statutory minimum.

Moreover, we do not read § 5K1.1 as attempting to exercise this nonexistent authority. Section 5K1.1 says: "Upon motion of the government stating that the defendant has provided substantial assistance . . . the court may depart from the guidelines," while its Application Note 1 says: "Under circumstances set forth in 18 U. S. C. § 3553(e) and 28 U. S. C. § 994(n) . . . substantial assistance . . . may justify a sentence below a statutorily required minimum sentence," § 5K1.1, comment., n. 1. One of the circumstances set forth in § 3553(e) is, as we have explained previously, that the Government has authorized the court to impose a sentence below the statutory minimum.

Petitioner and his *amici* argue that § 3553(e) requires a sentence below the statutory minimum to be imposed in "accordance" with the Guidelines; that § 994(n) specifically directs the Commission to draft a provision covering substantial assistance cases, including cases in which a sentence below a statutory minimum is warranted; and that if § 5K1.1 is not read as creating a unitary motion system, then the Commission has improperly failed to meet its obligation, because no other provision of the Guidelines implements § 3553(e) and § 994(n). They also argue (1) that the reference to § 3553(e) in § 5K1.1's Application Note 1 indicates that § 5K1.1 is a "conduit" established by the Commission for "implementation" of § 3553(e); (2) that Application Note 2's use of the broad term "sentencing reduction," rather than "departure from the guidelines range," supports petitioner's view that § 5K1.1 authorizes departures below a statutory minimum;[6] (3) that Application Note 3 makes sense only on

---

[6] Application Note 2 provides in relevant part: "The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility." USSG § 5K1.1, comment., n. 2.

the assumption that the district court retains "full discretionary power" over the extent of the sentencing reduction (*i. e.*, the authority to choose any sentence once the Government makes any motion confirming the defendant's substantial assistance);[7] (4) that the reference to § 5K1.1 alone (rather than to § 3553(e)) in USSG § 2D1.1's Application Note 7 further supports petitioner's claim that § 5K1.1 is a conduit for implementation of § 3553(e);[8] and (5) that if the factors described in § 5K1.1(a) limiting the district court's discretion do not apply to sentences imposed after the Government moves to depart below the statutory minimum, then the district court's discretion will be wholly unlimited in those circumstances.

In the Government's view, § 3553(e) already gives the district court authority to depart below the statutory minimum on motion to do so by the prosecutor. The Government urges us to read the last sentence of § 3553(e), and the inclusion of the phrase "including a sentence that is lower than that established by statute as a minimum sentence" in § 994(n), as merely requiring the Commission to constrain the district court's discretion in choosing a sentence after the Government moves to depart below the statutory minimum. The Government contends that the first paragraph of § 5K1.1 does not authorize departures below the statutory minimum, but that § 5K1.1(a) does apply to sentences imposed after the

---

[7] Application Note 3 provides: "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." USSG § 5K1.1, comment., n. 3.

[8] Application Note 7 provides in pertinent part: "Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be 'waived' and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U. S. C. § 994(n), by reason of a defendant's 'substantial assistance in the investigation or prosecution of another person who has committed an offense.' See § 5K1.1 (Substantial Assistance to Authorities)." USSG § 2D1.1, comment., n. 7. Section 2D1.1 is a Guideline addressed to a variety of drug offenses.

Government moves to depart below the statutory minimum (as well as to sentences imposed after the Government moves to depart below the Guidelines range); § 5K1.1(a) thus implements the requirements of § 3553(e) and § 994(n) that relate to sentences below the statutory minimum, by requiring the district court to consider the factors listed in §§ 5K1.1(a)(1)–(5) in determining the appropriate extent of a departure below the statutory minimum. According to the Government, the difficulties and gaps referred to by petitioner vanish once § 5K1.1(a) is so construed.

We agree with the Government that the relevant parts of the statutes merely charge the Commission with constraining the district court's discretion in choosing a specific sentence after the Government moves for a departure below the statutory minimum.[9] Congress did not charge the Commission with "implementing" § 3553(e)'s Government motion requirement, beyond adopting provisions constraining the district court's discretion regarding the particular sentence selected.

Although the various relevant Guidelines provisions invoked by the parties could certainly be clearer, we also believe that the Government's interpretation of the current provisions is the better one. Section 5K1.1(a) may guide the district court when it selects a sentence below the statutory minimum, as well as when it selects a sentence below the Guidelines range.[10] The Commission has not, however, im-

---

[9] Notably, § 3553(e) states that the "sentence" shall be imposed in accordance with the Guidelines and policy statements, not that the "departure" shall occur, or shall be authorized, in accordance with the Guidelines and policy statements.

[10] Section § 5K1.1(a) may apply of its own force to sentences below the statutory minimum, see *ibid.* (providing that the district court shall determine "[t]he appropriate reduction" by applying a nonexhaustive list of factors), and both the reference to § 3553(e) in § 5K1.1's Application Note 1 and the reference to § 5K1.1 in § 2D1.1's Application Note 7 may reflect that fact. Or perhaps the phrase "[t]he appropriate reduction" in § 5K1.1(a) encompasses only departures below the Guidelines range, but

properly attempted to dispense with or modify the requirement for a departure below the statutory minimum spelled out in § 3553(e)—that of a Government motion requesting or authorizing a departure below the statutory minimum.

The Government has made no such motion here. Hence, the District Court correctly concluded that it lacked the authority to sentence petitioner to less than 10 years' imprisonment.

## III

What is at stake in the long run is whether the Government can make a motion authorizing the district court to depart below the Guidelines range but withholding from the district court the power to depart below the statutory minimum. Although the Government contends correctly that the Commission does not have authority to "deem" a Government motion that does not authorize a departure below the statutory minimum to be one that does authorize such a departure, the Government apparently reads § 994(n) to permit the Commission to construct a unitary motion system *by adjusting the requirements for a departure below the Guidelines minimum*—that is, by providing that the district court may depart below the Guidelines range only when the Government is willing to authorize the court to depart below the statutory minimum, if the court finds that to be appropriate. See Tr. of Oral Arg. 26–31.

We need not decide whether the Commission could create this second type of unitary motion system, for two reasons. First, even if the Commission had done so, that would not help petitioner, since the Government has not authorized a departure below the statutory minimum here. Second, we agree with the Government that the Commission has not adopted this type of unitary motion system. Neither the

the Application Notes are meant to suggest that the court should also consider the § 5K1.1(a) factors in the analogous circumstance of a departure below the statutory minimum.

text of §5K1.1 nor its commentary expressly limits the authority of the court to depart below the Guidelines minimum to situations in which the Government has moved to depart below the statutory minimum. The text of §5K1.1 says: "Upon motion of the government stating that the defendant has provided substantial assistance . . . , the court may depart from the guidelines." We do not read this sentence to say: "Upon motion of the government stating that the defendant has provided substantial assistance . . . and authorizing the court to depart below the statutory minimum, if any, the court may depart from the guidelines." Rather, we read it as permitting the district court to depart below the Guidelines range when the Government states that the defendant has provided substantial assistance and requests or authorizes the district court to depart below the Guidelines range. As we have noted, *supra*, at 127–130, the Application Notes to §5K1.1 and §2D1.1 do not compel any other reading.

The judgment is affirmed.

*It is so ordered.*

JUSTICE SOUTER, concurring.

I agree with the conclusion that 18 U. S. C. §3553(e) requires a motion by the Government asking the district court to impose a sentence below the statutory minimum, but I part company with the Court on the characterization of the policy statement numbered §5K1.1, United States Sentencing Commission, Guidelines Manual §5K1.1, p. s. (Nov. 1995) (USSG). The text of this policy statement deals with departures from the Guidelines; the best reading of each sentence is that its referent is a Guideline departure, and that neither directly applies to reductions below mandatory minimums. The Application Notes (which are "the legal equivalent of a policy statement," USSG §1B1.7) are where the Sentencing Commission has dealt with sentences below statutory minimums. In my view, the Sentencing Commission has discharged its responsibility under 28 U. S. C. §994(n) by its

inclusion of the Application Notes, which effectively tell district courts that the policy statement applies as well to motions for reductions below mandatory minimums. Thus, my disagreement is over the suggestion that the two sentences of § 5K1.1 can be treated separately. I would simply say that the Application Notes indicate that § 5K1.1 applies to motions under § 3553(e), and leave it at that.

JUSTICE STEVENS, concurring in the judgment.

Petitioner has persuaded me that the Sentencing Commission intended § 5K1.1 to create a unitary motion system under which any request for a departure below the Guideline range based on substantial assistance would also authorize a departure below the statutory minimum. Such a system would be eminently reasonable, but, for two reasons, I am convinced that Congress did not intend to authorize it. First, I agree with the Court that the text of § 3553(e) does not authorize the court to impose a sentence below the statutory minimum unless the Government has made a motion requesting that relief. Second, notwithstanding my serious doubts concerning the wisdom of a congressional decision to impose statutory minimum sentences higher than those considered appropriate by the Commission, the very fact that Congress has done so indicates that it intended to confer the authority to dispense with the statutory minima on the prosecutor rather than the Commission.

Thus, I concur in the judgment because I agree with the Court's interpretation of § 3553(e).

JUSTICE BREYER, with whom JUSTICE O'CONNOR joins, concurring in part and dissenting in part.

I join Parts I and II of the Court's opinion, for, like the Court, I believe the Commission does not have the power to modify Congress' statutes. I disagree with Part III, however, because the Commission does have the power to write its own Guidelines and, in my view, the Commission has in

fact exercised that power to create what the Court calls a "unitary motion system."

To understand that system, one must keep in mind two facts. First, many "substantial assistance" departures involve departures only from Guideline sentences, not from statutory mandatory minimum sentences. When a defendant seeks a "substantial assistance" departure from the minimum Guideline sentence for robbery, fraud, money laundering, tax evasion, or most other offenses, the defendant need not worry about a statutorily required minimum sentence, for either no such minimum sentence applies, or that sentence is so far below the minimum Guideline sentence that there is no practical likelihood of a departure drastic enough to make it relevant. The Guidelines govern departures from these Guideline sentences, and they permit judges to depart downward for "substantial assistance" only if the Government makes a "motion . . . stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." United States Sentencing Commission, Guidelines Manual § 5K1.1, p. s. (Nov. 1995) (USSG). I call the policy statement that sets forth this rule the "Substantial Assistance Guideline."

Second, some criminal convictions implicate not only the Guidelines, but also the special statutes (applicable particularly to drug and weapon offenses) that set "mandatory minimum" sentences. See United States Sentencing Commission, Mandatory Minimum Penalties in the Federal Criminal Justice System, App. A, pp. A1–A8 (Aug. 1991) (Mandatory Minimum Penalties). The law does not normally permit a departure below such mandatory statutory minimums. But cf. 18 U. S. C. § 3553(f) (limitation on applicability of statutory minimums in certain cases); USSG § 5C1.2 (same). The law does permit such a departure, however, for one special reason, namely, "substantial assistance," but only if the Government makes a "motion . . . so as to reflect a defendant's

substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U. S. C. § 3553(e). I shall call the statute that states this rule the "Substantial Assistance Statute."

With these two basic facts in mind, one might ask what the Commission means by the term "substantial assistance" in its Substantial Assistance Guideline. In particular, do those words in that Guideline mean the same thing that those same words mean in the Substantial Assistance Statute? Or does the Commission intend those words in its Guideline to create a tougher, or perhaps a more lenient, standard where departures from Guideline minimums (rather than departures from statutory minimums) are at issue?

The answer to this interpretive question, in my view, is that the Commission means the term "substantial assistance" in its Substantial Assistance Guideline to create the same standard that the Substantial Assistance Statute creates using the same words. As so interpreted, the Guideline authorizes a sentencing judge to depart downward from a Guideline sentence for substantial assistance only if the Government files the same kind of motion that the Government would file to obtain a departure from a statutory minimum sentence, were such a sentence at issue.

My reasons for believing that the Commission intended to tie its Substantial Assistance Guideline to the Substantial Assistance Statute (thereby recognizing one kind of "substantial assistance," not two) are the following: First, as I have said, the language the Commission used to write its Substantial Assistance Guideline is virtually identical to the language that appears in the Substantial Assistance Statute. Compare USSG § 5K1.1, p. s., with 18 U. S. C. § 3553(e). Second, the Commission nowhere suggests that the key words "substantial assistance" mean something different in the two places (the Guideline and the Statute) where they appear, and I cannot imagine any reason why the Commission would

have wanted to create different standards through the use of identical words, thereby creating additional administrative complexity and risking unnecessary confusion. Third, the Commission's commentary refers to statutory and guideline departures indiscriminately. USSG § 2D1.1, comment., n. 7 (citing Substantial Assistance Guideline for proposition that statutory minimum may be "waived"); see also Mandatory Minimum Penalties, *supra*, at 59 (discussing unitary "substantial assistance motions").

The Court's reason for reaching the contrary conclusion is that the Commission did not specify that courts could not depart below a minimum Guideline sentence without a Government motion for departure below any applicable statutory minimum. That is, the Substantial Assistance Guideline does not say: "Upon motion of the government stating that the defendant has provided substantial assistance . . . *and authorizing the court to depart below the statutory minimum, if any,* the court may depart from the guidelines." *Ante*, at 131 (emphasis added; internal quotation marks omitted). But it is not surprising that the Commission neglected to add these words of crystal clarity to the Substantial Assistance Guideline, since that Guideline governs many cases that have nothing to do with mandatory minimum sentences. It makes sense, instead, for the Commission to have noted the interplay of "substantial assistance" and statutory minimums in its commentary to the Substantial Assistance Guideline, see USSG § 5K1.1, p. s., comment., n. 1, and in its section on drug offenses, for which statutory minimums are relatively common, see *id.*, § 2D1.1, comment., n. 7.

I recognize that the Court, through its interpretation of the Guideline, avoids having to decide "whether the Commission could create this . . . unitary motion system." *Ante*, at 130. But the legal question it avoids is not a difficult one. Congress delegated to the Commission broad authority to determine when sentencing courts may reward substantial assistance with a reduced sentence. See 28 U. S. C. § 994(n).

The Commission's exercise of delegated authority is normally lawful as long as it is reasonable. See, e. g., *United States* v. *Shabazz*, 933 F. 2d 1029, 1035 (CADC) (Thomas, J.) (citing *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837, 842–845 (1984)), cert. denied *sub nom. McNeil* v. *United States,* 502 U. S. 964 (1991). And a unitary system seems perfectly reasonable. Indeed, the Federal Rules of Criminal Procedure recognize an identical "unitary" system for postjudgment substantial assistance motions. See Fed. Rule Crim. Proc. 35(b) ("[O]n motion of the Government made within one year after the imposition of the sentence," court may reduce sentence "to reflect a defendant's subsequent, substantial assistance"; this may include reduction "to a level below that established by statute as a minimum sentence"). Thus in my view, the Commission had the power to create a "unitary motion system," and is free to maintain such a system, or to change it, in light of evolving criminal justice policies.

In this case, the lower courts accepted the Government's "departure" motion as sufficient to justify a departure below the 135-month Guideline minimum applicable to petitioner's crime, but not sufficient to justify a departure below the applicable 10-year statutory minimum. On a "unitary" view, this disposition could not be correct. Either the motion was sufficient to warrant a departure below the statutory minimum, or it was insufficient to warrant a departure below the Guideline minimum. I would remand this case to the lower courts for further consideration of this case-specific issue.

For these reasons, while agreeing with much of what the Court has written, I dissent from its disposition.