**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith COLLIER, Defendant–Appellant.**

No. 00–1358.

United States Court of Appeals,
Sixth Circuit.

April 17, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges, MCKEAGUE,* District Judge.

KENNEDY, Circuit Judge.

Defendant Keith Collier pled guilty to a one count indictment for distributing cocaine and was sentenced to the statutory minimum of 120 months in prison. Defendant appeals his sentence, alleging that the district court incorrectly concluded that it did not have authority to sentence below the statutory minimum. We affirm the sentence imposed by the district court.

I.

Defendant was charged with a one count indictment for distributing approximately 100 grams of crack cocaine on January 14, 1998. Defendant pleaded guilty on October 4, 1999 pursuant to a Rule 11 agreement in which the parties stipulated that defendant was entitled to a reduction in his offense level for acceptance of responsibility, that the applicable guideline range would be 151–188 months, and that defendant's sentence would not exceed 170 months. The agreement noted that defendant was subject to the ten year statutory minimum established in 21 U.S.C. § 841(b)(1)(A)(iii) because the offense involved more than 50 grams of crack cocaine. Defendant reserved the right to file a motion for a downward departure under the Sentencing Guidelines.

After his plea was entered, defendant provided substantial information about his supplier and the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 which provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation of prosecution of

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

another person who has committed an offense, the court may depart from the guidelines." Defendant also filed his own motion requesting downward departure on several grounds. The district court granted the government's § 5K1.1 motion and departed downward, sentencing defendant to the statutory minimum of 120 months. The district judge denied defendant's request for further downward departure, explicitly finding that she did not have authority to depart below the statutory minimum. Defendant now appeals, alleging that the district court incorrectly concluded that it did not have authority to sentence below the statutory minimum.

## II.

Chapter 18, U.S.C. § 3553(e) provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Thus, if the government files a motion under § 3553(e), a court has discretion to depart below the statutory minimum. In the present case, however, the government's motion requested a departure only from the applicable guidelines range pursuant to U.S.S.G. § 5K1.1 and did not invoke 18 U.S.C. § 3553(e). At sentencing the Assistant U.S. Attorney explained:

> Your Honor, at this time, I would move orally, and the record should reflect I've also moved by way of written pleadings, and I'm requesting the court to depart downward to a sentencing range of 120 months.
> I would also reiterate, as I did in the pleadings, that we are not waiving any of our rights pursuant to 18 U.S.C. § 3553(e) which requires mandatory minimum sentences for certain controlled substance violations.

(J.A. 84.) The government explicitly refused to invoke § 3553(e) and requested only a departure from the guideline range.

As the Supreme Court held in *Melendez v. United States*, 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996), "nothing in § 3553(e) suggests that a district court has power to impose a sentence below the statutory minimum to reflect a defendant's cooperation when the Government has not authorized such a sentence, but has instead moved for a departure only from the applicable Guidelines range." *Id.* at 126, 116 S.Ct. 2057. Thus, the district court correctly concluded that it did not have discretion to depart below the statutory minimum. The district court acknowledged and exercised its discretion to depart under the guidelines and correctly concluded that without a § 3553(e) motion from the government, it did not have discretion to sentence below the statutory minimum.

Defendant's argument on appeal has no merit. Defendant cites cases which outline a district court's discretion to depart downward under the guidelines. As the district judge correctly noted, however, the question is not discretion under the guidelines, but whether the court has discretion to depart from the statute. The district court correctly held that it had no authority to depart below the mandatory 120 month sentence.

## III.

For the foregoing reasons, the sentence imposed by the district court is affirmed.