**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4463

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUENTIN DEMAR WILLIS, a/k/a Q,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00001)

Submitted: September 11, 2007      Decided: September 13, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard H. Tomberlin, TOMBERLIN LAW OFFICE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Demar Willis appeals his convictions and the 300-month sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal. In a pro se supplemental brief, Willis makes a general assertion that his counsel was ineffective, and also asserts that counsel failed to accurately calculate the Guidelines[2] range when advising him to enter a plea, and that counsel failed to adequately investigate before advising him to enter a plea. Willis also asserts that his relevant conduct was improperly determined and his maximum sentence was improperly enhanced based on a conviction that occurred during the charged conspiracy. We affirm.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual (2006).

- 2 -

F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record does not conclusively show that counsel was ineffective. We therefore decline to consider Willis' allegations of ineffective assistance of counsel, as he may raise them in a § 2255 motion.

The Government filed a notice of its intent to seek an enhanced sentence on the drug count pursuant to 21 U.S.C. § 851 (2000), based on a felony drug conviction that occurred in 2003, during the time period of the drug conspiracy. Willis asserts that this conviction was relevant conduct and thus should not be used to enhance his minimum sentence. We have previously rejected this argument. United States v. Smith, 451 F.3d 209, 224-25 (4th Cir. 2006).

Willis' claim that his relevant conduct was not properly determined does not entitle him to relief. Based on the drug quantity Willis pleaded guilty to conspiring to distribute and his prior felony drug conviction, he was subject to a statutory mandatory minimum 240-month term of imprisonment on the drug count and a mandatory consecutive sixty-month term on the firearm count. A district court may depart below a statutory mandatory minimum term of imprisonment only if the Government files a motion under 18 U.S.C. § 3553(e) (2000). Melendez v. United States, 518 U.S. 120,

- 3 -

128-30 (1996). The Government specifically stated that it was not moving for a departure in this case, thus the district court had no authority to impose a sentence below the statutory term, and any error in the offense level calculations had no effect on Willis' sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Willis' convictions and sentence. This court requires that counsel inform Willis, in writing, of the right to petition the Supreme Court of the United States for further review. If Willis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Willis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>