

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# USA v. Maldonado

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Maldonado" (2008). *2008 Decisions.* Paper 320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2411

UNITED STATES OF AMERICA

v.

JASON MALDONADO
a/k/a GRUMPY

Jason Maldonado,

Appellant

_____

On appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 06-cr-00052-4
District Judge: The Honorable Thomas I. Vanaskie

_____

Submitted Pursuant to the Third Circuit L.A.R. 34.1(a)
October 20, 2008

Before: SMITH and COWEN, *Circuit Judges*,
THOMPSON, *District Judge*[*]

(Filed: October 28, 2008)

_____

OPINION

_____

_____

[*]The Honorable Anne E. Thompson, Senior District Judge for the United States District
Court of New Jersey, sitting by designation.

SMITH, *Circuit Judge.*

In February of 2006, a grand jury returned a multicount indictment against multiple individuals, including Jason Maldonado. Count one of the indictment charged that the defendants had conspired in violation of 21 U.S.C. § 846 to distribute and to possess with the intent to distribute multiple controlled substances. Count two alleged that the defendants had aided and abetted each other in distributing and possessing with the intent to distribute in excess of five grams of cocaine base, cocaine, and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 2. In September of 2006, Maldonado pleaded guilty to count two of the indictment.

On May 3, 2007, during the sentencing hearing, the United States District Court for the Middle District of Pennsylvania calculated Maldonado's offense level at 27 and his criminal history category as II, thereby yielding an advisory guideline range of 78 to 87 months. Maldonado urged the District Court to sentence him below both the advisory guideline range and the statutory minimum of sixty months because of the fact that he had already served twenty one months of a state sentence of two to four years of imprisonment for related controlled substance offenses, and had additional time to serve on that sentence. He asserted that the District Court had the authority to depart under U.S.S.G. § 5G1.3(c).

The District Judge was receptive to the idea, departing from the 78 month lower parameter of the advisory guideline range to the 60 month mandatory minimum sentence.

2

The District Judge declared that if he had the discretion, he would depart further and impose "a sentence of 42 months. . . as opposed to 60 months, which I believe would serve the goals of sentencing . . . ." Because the District Judge did not believe he had the authority to sentence below the mandatory minimum, he sentenced Maldonado to 60 months of imprisonment, concurrent with his undischarged state sentence. The Court expressed its belief that Maldonado "should but cannot receive credit for the time served on that State sentence" in light of the statutory minimum.

This timely appeal followed.[1] Maldonado asserts that the District Judge erred at sentencing by concluding that he did not have the authority to impose a sentence that was below the statutory mandatory minimum in order to give Maldonado credit for the time served on his related undischarged state sentence. We exercise plenary review over the District Court's interpretation of a criminal statute and a sentencing guideline. *United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008); *United States v. Hawes*, 523 F.3d 245, 249 (3d Cir. 2008).

We are sympathetic to Maldonado's predicament, but we find no error in the District Court's application of the Federal Crimes Code and the Sentencing Guidelines. Guideline § 5G1.3 provides instructions for imposing a sentence on a defendant who is subject to an undischarged term of imprisonment. Paragraph (c) provides:

(c) (Policy Statement) In any other case involving an undischarged term of

---

[1]The District Court exercised jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742(a).

3

imprisonment, the sentence for the instant offense may be imposed to run
concurrently, partially concurrently, or consecutively to the prior
undischarged term of imprisonment to achieve a reasonable punishment for
the instant offense.

U.S.S.G. § 5G1.3(c) (2006).  Application note 3(E) explains that:

Unlike subsection (b), subsection (c) does not authorize an adjustment of
the sentence for the instant offense for a period of imprisonment already
served on the undischarged term of imprisonment. However, in an
extraordinary case involving an undischarged term of imprisonment under
subsection (c), it may be appropriate for the court to downwardly depart.
This may occur, for example, in a case in which the defendant has served a
very substantial period of imprisonment on an undischarged term of
imprisonment that resulted from conduct only partially within the relevant
conduct for the instant offense. In such a case, a downward departure may
be warranted to ensure that the combined punishment is not increased
unduly by the fortuity and timing of separate prosecutions and sentencings.
Nevertheless, it is intended that a departure pursuant to this application note
result in a sentence that ensures a reasonable incremental punishment for
the instant offense of conviction.

U.S.S.G. § 5G1.3, Application Note 3(E) (2006).

Neither § 5G1.3(c) nor  application note 3(E) provides that a district court may

impose a sentence below a statutory mandatory minimum in order to achieve a reasonable

incremental punishment for the instant offense when there is an undischarged sentence.

In fact, application note 3(E) specifically instructs that § 5G1.3 does not authorize a court

to adjust the "sentence for the instant offense for a period of imprisonment already served

on the undischarged term of imprisonment." *Id.*   The only authority that we are aware of

that would permit the imposition of a sentence below the mandatory statutory minimum is

in 18 U.S.C. §  3553(e).  That provision, however, requires a motion by the government

4

citing the defendant's substantial assistance in the investigation or prosecution of another person who has committed a criminal offense. *See Melendez v. United States*, 518 U.S. 120, 125-26 (3d Cir. 2008). Our review of the records fails to reveal that any such motion was made in this case.

In his reply brief, Maldonado seeks a remand to determine whether sentencing should have been governed by § 5G1.3(b) or (c). Inasmuch as this argument was not raised in his opening brief, it is waived. *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

For the reasons set forth above, we will affirm.[2]

---

[2]Judge Cowen votes to affirm the judgment of the District Court without prejudice to the right of Maldonado to file a petition under 28 U.S.C. § 2255.