NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0725n.06

No. 08-6324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Nov 18, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )
                                             )        ON APPEAL FROM THE UNITED
v.                                           )        STATES DISTRICT COURT FOR THE
                                             )        EASTERN DISTRICT OF TENNESSEE
JOHN HISE,                                   )
                                             )
    Defendant-Appellant.                     )

Before:  KEITH, KENNEDY, and COOK, Circuit Judges.

COOK, Circuit Judge.  As a result of his role in a methamphetamine conspiracy, John Hise

pleaded guilty to one count of conspiracy to manufacture methamphetamine.  Hise's presentence

report estimated a base offense level of thirty-six, a criminal history category of II, and an advisory

guidelines range of 151–188 months' imprisonment.  Before sentencing, and pursuant to Hise's plea

agreement, the government moved for a section 5K1.1 substantial-assistance downward departure.

For his part, Hise requested a section 3B1.2 reduction for minimal participation in the conspiracy.

At sentencing, the district court granted the government's motion, denied Hise's motion, and

imposed 120 months' imprisonment—the statutory minimum.  Hise now appeals, contending that

the district court should have sentenced him below the statutory minimum for two reasons:  (1) his

plea agreement included the government's consent to a sentence below the statutory minimum, and

(2) his insignificant role in the conspiracy warranted a sentence reduction.  We affirm.

I.

Although a district court may grant a downward departure under U.S.S.G. § 5K1.1 for a defendant's substantial assistance, a section 5K1.1 motion "does not authorize a departure below the statutory minimum." *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007) (citing *Melendez v. United States*, 518 U.S. 120, 124 (1996)). Only if "the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f)" may a court depart below the statutory minimum. *Id.* (citing *Melendez*, 518 U.S. at 125–26). Focusing then on the two sections that authorize a below-minimum departure, we first eliminate section 3553(f) because Hise has more than one criminal history point. *See id.* That leaves section 3553(e), which authorizes a court—upon motion by the government—to impose a sentence below the statutory minimum for a defendant's substantial assistance. 18 U.S.C. § 3553(e). All agree that the government filed no such motion regarding Hise. And although "specific language . . . or . . . an express reference to § 3553(e) is [not] necessarily required before a court may depart below the statutory minimum," the government must express, in some way, "its desire or consent that the court depart below the statutory minimum before the court may do so." *Melendez*, 518 U.S. at 126 n.5.

Hise maintains that the government consented to a section 3553(e) downward departure here, just as it did in *United States v. McIntosh*—the sole case upon which he relies—because, like the *McIntosh* plea agreement, Hise's plea agreement gives the district court complete discretion in sentencing him. Not quite.

An ambiguity drove the decision in *McIntosh*. There, the government agreed to consider filing a section 5K1.1 motion for downward departure—a motion that, as discussed, would not have authorized a below-minimum sentence. *McIntosh*, 484 F.3d at 836. Yet, the government also agreed that the district court could exercise "complete discretion" in determining the extent of the downward departure. *Id.* (internal quotation marks omitted). The tension between these two provisions blurred the district court's sentencing discretion, prompting the court to construe the ambiguity in the defendant's favor. *Id.* Unlike the *McIntosh* agreement though, Hise's plea agreement does not include the phrase "complete discretion."

Having distinguished Hise's sole authority, we are left with four aspects of Hise's agreement that he contends collectively grant the district court complete discretion in sentencing him so as to authorize a departure below the statutory minimum under section 3553(e):

- the plea agreement does not foreclose the possibility of a section 3553(e) motion or otherwise expressly limit the district court's sentencing discretion;

- the district court "may impose any lawful term of imprisonment up to the statutory maximum"; [R. 655, Plea Agreement ¶ 2(a)]

- "the United States may bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case"; [*id.* ¶ 8] and

- "the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties" and "will be based upon the entire scope of the defendant's criminal conduct, the defendant's

criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553." [*id.* ¶ 11]

But even aggregating these aspects of his sentencing agreement fails to advance Hise's cause. We address each in turn.

First, it would have been a needless redundancy had the plea agreement expressly foreclosed the possibility of a section 3553(e) motion or otherwise limited the district court to a sentence at or above the mandatory minimum, because a sentence above the minimum is the default position. Expressing this limitation would have just reiterated the status quo under *Melendez*—that a court may not depart below the statutory minimum absent a motion under section 3553(e) or section 3553(f). *See McIntosh*, 484 F.3d at 835.

Second, though a "lawful" term of imprisonment *could* include a sentence below the statutory minimum, such a departure is lawful *only if* the government first files one of the two specified motions, or otherwise expresses its desire or consent to a departure below the statutory minimum. *See id.*

Third, although the agreement authorizes "a fair and appropriate sentence" if the government notifies the court of Hise's cooperation, implicit in this authorization is a sentence's lawfulness. And the government's consideration for Hise's cooperation could come in the form of filing *either* a section 5K1.1 motion *or* a section 3553(e) motion. The government opted for the motion that did not permit a below-minimum departure.

Finally, the fourth feature merely informs Hise of two standard sentencing procedures, neither of which speaks to the district court's sentencing discretion.

Simply put, even viewed cumulatively, Hise's plea agreement cannot be read to include the requisite feature under *McIntosh*—complete discretion in sentencing—so as to authorize a departure below the statutory minimum.

## II.

Hise also posits that the district court procedurally erred when it denied the motion to reduce his sentence under U.S.S.G. § 3B1.2, given his comparatively insignificant role in the conspiracy. Hise having received the statutory minimum sentence, no additional reduction could be granted by the district court. Any alleged error in the calculation of his sentence is therefore harmless. *See United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006) ("Erroneous application of the Guidelines in violation of the Sixth Amendment requires reversal unless the error is found to be harmless.").

## III.

For these reasons, we affirm.