**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4162**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

REX ALVIN PAYNE,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00058-NCT-1)

Submitted:  November 30, 2010          Decided:  December 3, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rex Alvin Payne pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g) (2006), and was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), to the mandatory minimum 180-months of imprisonment. On appeal, Payne contends that the sentence imposed by the district court violates the Eighth Amendment's prohibition on cruel and unusual punishment in that it is grossly disproportionate to the offense that he committed.

Because the Government did not move for a downward departure to reflect substantial assistance, the district court had no authority to depart below the mandatory minimum. 18 U.S.C. § 3553(e) (2006); Melendez v. United States, 518 U.S. 120, 125-26 (1996). "Proportionality review under the Eighth Amendment's cruel and unusual punishment clause is not available for any sentence less that life imprisonment without the possibility of parole." United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) (internal alterations and quotation marks omitted).[*] We previously rejected a constitutional challenge to

---

[*] The Supreme Court's recent decision in Graham v. Florida, __ U.S. __, 130 S. Ct. 2011 (2010), does not affect this holding, as the Court in that case considered a sentence of life without parole imposed on a juvenile.

2

the ACCA, and held that the mandatory minimum sentence "is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

Accordingly, we affirm Payne's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED