**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6004**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

JERMAINE ANDRE BLAND,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Malcolm J. Howard, Senior District Judge. (2:05-cr-00027-H-1)

———————

Submitted: March 26, 2013        Decided: March 29, 2013

———————

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jermaine Andre Bland, Appellant Pro Se. Kimberly Ann Moore, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Andre Bland appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction under Guidelines Amendment 750 and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). On appeal, Bland argues that the district court should have reduced his sentence below the pre-FSA mandatory minimum sentence applicable to his offense by applying 18 U.S.C. § 3553(e) or (f) (2006). He also asks this court to revisit the district court's original Guidelines calculations unrelated to Amendment 750. Because Bland did not raise these arguments in the district court, we review them for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). We conclude that Bland has demonstrated no error, plain or otherwise, on these grounds. See Melendez v. United States, 518 U.S. 120, 125-26 (1996) (recognizing that the Government must file a § 3553(e) motion seeking or permitting a sentence below the statutory mandatory minimum before the district court is authorized to impose such a sentence); United States v. Henry, 673 F.3d 285, 292-93 (4th Cir.) (providing requirements for relief under the "safety valve" provision of § 3553(f)), cert. denied, 133 S. Ct. 182 (2012); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (acknowledging that

2

consideration of a § 3582(c)(2) motion does not constitute "a full resentencing by the court").

Turning to the district court's grounds for denying relief under § 3582(c)(2), we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[*] <u>United States v. Bland</u>, No. 2:05-cr-00027-H-1 (E.D.N.C. Dec. 20, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Insofar as Bland asks us to reconsider our conclusion in <u>United States v. Bullard</u>, 645 F.3d 237 (4th Cir.), <u>cert. denied</u>, 132 S. Ct. 356 (2011), that the FSA does not apply retroactively to those, like Bland, who were sentenced prior to the FSA's effective date, we decline his invitation. <u>See</u> <u>id.</u> at 246 ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (internal quotation marks omitted)); <u>cf.</u> <u>Dorsey v. United States</u>, 132 S. Ct. 2321, 2335 (2012) (holding that the FSA applies retroactively to those whose crimes occurred before the FSA's effective date but who were sentenced after that date).

3