**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1120
_____

UNITED STATES OF AMERICA

v.

A.M.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00303-002)
District Judge: Honorable Sylvia H. Rambo
_____

Argued January 24, 2019

Before: SMITH, *Chief Judge*, and CHAGARES and BIBAS, *Circuit Judges*

(Filed: June 20, 2019)

_____

OPINION OF THE COURT
_____

Ronald A. Krauss
Quin M. Sorenson [ARGUED]
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
    *Counsel for Appellant*

James T. Clancy
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Geoffrey W. MacArthur [ARGUED]
Office of United States Attorney
240 West Third Street
Suite 316
Williamsport, PA 17701
        *Counsel for Appellee*


BIBAS, *Circuit Judge*.

The text of a law governs its reach. We will neither read in new limits nor read out existing limits on its application. In seeking to lower his sentence, A.M. asks us to do both.

First, he asks us to impose new limits on a Sentencing Guidelines enhancement. A.M.'s sentence for bank fraud was enhanced for using "device-making equipment." U.S.S.G. § 2B1.1(b)(11)(A)(i). But he was also convicted of aggravated identity theft. And that conviction precludes any enhancement for "the transfer, possession, or use of a means of identification." *Id.* § 2B1.6 cmt. n.2. So A.M. argues that his aggravated-identity-theft conviction precludes the device-making enhancement. But while device-making equipment can copy means of identification, it is not itself a means of identification. So the device-making enhancement was proper.

2

Second, he asks for a departure below the mandatory-minimum sentence for aggravated identity theft. But the law empowers courts to depart below a statutory minimum only "[u]pon motion of the Government." 18 U.S.C. § 3553(e). The government made no such motion here. So both of A.M.'s arguments fail, and we will affirm.

## I. BACKGROUND

In 2014, A.M. defrauded two banks and their customers. He put skimming devices and PIN-pad overlays onto ATMs to capture victims' account information and PINs. He then used that information to make counterfeit debit cards that allowed him to buy goods and withdraw cash.

But he got caught. He was charged with nineteen counts of bank fraud and aggravated identity theft under 18 U.S.C. §§ 1028A and 1344. Under a plea agreement, he pleaded guilty to only one count of bank fraud and one of aggravated identity theft. Each crime required a separate sentence, because the law forbidding aggravated identity theft generally requires a mandatory two-year, consecutive sentence. *Id.* § 1028A(a)(1) & (b). And the government agreed that, if it found that A.M. had provided substantial assistance, it *could* move for a downward departure below the guideline range (under U.S.S.G. § 5K1.1), below the statutory minimum (under 18 U.S.C. § 3553(e)), or both.

So the District Court had to impose two sentences for the two crimes, and A.M. objected to each one. First, he objected to his guideline calculation for the bank-fraud conviction. The Court calculated his guideline range for bank fraud as 15 to 21

3

months. A.M. objected to that calculation because it included a two-level enhancement for using "device-making equipment" to make counterfeit debit cards. U.S.S.G. § 2B1.1(b)(11)(A)(i). He argued that his conviction for aggravated identity theft precluded that enhancement. The Court disagreed. But because A.M. had cooperated, the government moved under § 5K1.1 to reduce his bank-fraud sentence. The Court granted that motion and sentenced him to only ten months' imprisonment on that count.

Second, A.M. objected that the government had not also moved for a departure below the mandatory-minimum sentence for his aggravated-identity-theft sentence. According to A.M., the government had agreed to do so as part of his plea deal. He argued that, because the government had violated its agreement, the Court should grant the departure of its own accord. The Court refused, finding that identity theft is an especially severe crime. So it sentenced A.M. to the mandatory-minimum sentence of two years' consecutive imprisonment for the identity theft.

A.M. now appeals. We review all questions of law de novo. *United States v. Torres*, 251 F.3d 138, 145 (3d Cir. 2001).

## II. AGGRAVATED IDENTITY THEFT DOES NOT PRECLUDE AN ENHANCEMENT FOR USING DEVICE-MAKING EQUIPMENT

4

A.M. first argues that because he was sentenced for aggravated identity theft, his bank-fraud sentence cannot be enhanced for using device-making equipment to make counterfeit debit cards. But that is not so. The Guidelines bar an enhancement only for having or using "a means of identification." And while device-making equipment can *copy* a means of identification, it is not *the same as* a means of identification.

For those convicted of aggravated identity theft, the Guidelines say only to apply the statutory sentence. U.S.S.G. §2B1.6. That sentence is a mandatory, consecutive two years' imprisonment. 18 U.S.C. §1028A(a)(1) & (b). But aggravated identity theft requires proof of an underlying felony. *Id.* §1028A(a)(1). That underlying felony may overlap with identity theft. Because, with rare exceptions, the aggravated-identity-theft sentence is consecutive, a defendant could be punished twice for the same crime. To avoid double punishment, the Guidelines bar enhancing the underlying felony sentence "for the transfer, possession, or use of a means of identification." U.S.S.G. §2B1.6 cmt. n.2.

Here, the District Court added a two-level enhancement for using "device-making equipment" under §2B1.1(b)(11)(A)(i). That enhancement applied to the underlying felony of bank fraud. And using device-making equipment is different from possessing, transferring, or using "a means of identification." U.S.S.G. §2B1.6 cmt. n.2. A "means of identification" is information "that may be used … to identify a specific individual," such as a person's name, driver's license number, or passport number. 18 U.S.C. §1028(d)(7). But "device-making equipment" is equipment used to make credit cards, debit

5

cards, and similar "access device[s]." 18 U.S.C. §1029(e)(6) &(e)(1). That equipment can be used to copy a means of identification. The copying equipment, however, is not itself a means of identification. The Guidelines bar only enhancements for using the latter. So the Guidelines do not preclude the device-making-equipment enhancement.

Every other circuit to address this question agrees. *United States v. Jones*, 792 F.3d 831, 835 (7th Cir. 2015); *United States v. Cruz*, 713 F.3d 600, 606-07 (11th Cir. 2013); *United States v. Sharapka*, 526 F.3d 58, 62 (1st Cir. 2008); *see United States v. Jenkins-Watts*, 574 F.3d 950, 961-62 (8th Cir. 2009); *cf. United States v. Taylor*, 818 F.3d 671, 675 (11th Cir. 2016) (restating the holding of *Cruz*, 713 F.3d at 606-07).

A.M. offers two rejoinders, but both fail. First, he points to the sentence right after §2B1.6's ban on enhancements for using "a means of identification": "A sentence under this [aggravated-identity-theft] guideline accounts for this [means-of-identification] factor for the underlying offense of conviction, including any such [means-of-identification] enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct)." §2B1.6 cmt. n.2. He argues that the reference to relevant conduct includes all conduct relevant to aggravated identity theft. That includes using a device maker to steal people's identities. So, he asserts, it bars an enhancement "based on [that] conduct." *Id.*

But he skips over a key word: "such." Only "*such* enhancements … based on [relevant] conduct" are barred. *Id.* (emphasis added). "Such" plainly refers to the kinds of enhancements

6

just listed in the previous sentence: having, transferring, or using a means of identification. And that list is specific. It does not sweep broadly to include all conduct relating to a means of identification, and certainly does not include device-making equipment.

Another phrase confirms this. Section 2B1.6 states that the mandatory two-year sentence "accounts for *this factor*." "This factor" can refer only to what immediately precedes it: a means of identification. *See Cruz*, 713 F.3d at 607. So § 2B1.6 bars enhancements only for means of identification, not for device-making equipment.

Second, A.M. argues that device-making equipment is used to make a means of identification. *See* 18 U.S.C. § 1029(e)(6). But the act of producing something is different from using the thing produced. Making a drug is different from using a drug. So too, using equipment to copy a means of identification is different from using the means of identification itself. And that obviates A.M.'s concern with double punishment. His aggravated-identity-theft sentence punishes his use of customers' stolen PINs and account numbers; his bank-fraud-sentence enhancement punishes his using equipment to make fake debit cards with that stolen information. The enhancement captures different conduct.

Thus, § 2B1.6 does not bar the enhancement for using device-making equipment under § 2B1.1(b)(11)(A)(i). In so holding, we need not address other enhancements found in § 2B1.1(b)(11), such as enhancements for trafficking access devices. *Cf. Jones*, 792 F.3d at 835 (7th Cir. 2015) (reaching

7

that question); *United States v. Lyons*, 556 F.3d 703, 708 (8th Cir. 2009) (same). The District Court did not err.

### III. THE DISTRICT COURT LACKED THE POWER TO DEPART BELOW THE STATUTORY MINIMUM ON A.M.'S AGGRAVATED-IDENTITY-THEFT SENTENCE

A.M. also argues that the District Court erred in refusing to depart below the two-year statutory minimum sentence for aggravated identity theft. He claims that the government breached its plea agreement by not moving for such a departure. He complains that the sentencing judge failed to state her reasons for denying the departure. And he asserts that the judge applied a uniform sentencing policy, rather than evaluating his case on its own. But all these arguments fail because the government never moved for this departure, so the District Court lacked the power to grant it.

Aggravated identity theft carries a mandatory-minimum sentence that binds district courts. 18 U.S.C. § 1028A(a). Courts may depart below a statutory minimum only "[u]pon motion of the Government." 18 U.S.C. § 3553(e).

But the government made no such § 3553(e) motion here. Nor did the plea agreement obligate it to do so; the government agreed only that it *could* move for a departure below the statutory minimum or the Guidelines. And the government exercised this discretion: It moved for a departure on A.M.'s bank-fraud sentence under § 5K1.1 of the Guidelines. But it specifically declined to move for a sentence below the mandatory minimum for aggravated identity theft. And it never mentioned § 3553(e).

8

A.M. replies that the government moved for a departure on his bank-fraud sentence. And, he insists, a motion to depart is a motion to depart—period. The motion is the key that unlocks all of his sentences.

But the Supreme Court instructs otherwise. A motion to depart below the Guidelines "does not [also] authorize a departure below [the] statutory minimum." *Melendez v. United States*, 518 U.S. 120, 124 (1996). Nor is an acknowledgement of a defendant's "substantial assistance" enough. *Id.* at 126. Instead, to trigger § 3553(e), the government must file a "motion requesting or authorizing" a statutory departure. *Id.* at 125-26. That motion must reflect the government's "desire for, or consent to, a sentence below the statutory minimum." *Id.* at 126.

The government made no such motion. It expressly recommended against departing below the statutory minimum. So the District Court lacked the power to grant the departure.

* * * * *

A.M. is in some ways sympathetic. While he defrauded people and banks, he then readily acknowleged his guilt and his fraudulent scheme. For that, he received a lower sentence for his bank-fraud conviction. But he is not entitled to the additional relief he seeks. The enhancement to his bank-fraud sentence for using device-making equipment was proper, not duplicative of using a means of identification. His plea agreement did not promise him a downward departure below the mandatory minimum for his aggravated-identity-theft sentence. And because the government did not move for one,

9

the District Court lacked the power to depart below the statutory mandatory minimum. We will affirm.