**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5236**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

RICHARD KENNETH GALLOWAY,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00251)

Submitted:  March 27, 2008          Decided:  April 1, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Clinton L. Rudisill, RUDISILL & ASSOCIATES, PA, Marshall, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard K. Galloway pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He received the statutorily mandated minimum sentence of 180 months of imprisonment and a five-year term of supervised release. Galloway's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal and raising no specific issue in his brief. Galloway has submitted a pro se supplemental brief. The Government declined to file a brief. Finding no reversible error, we affirm.

Because Galloway did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The district court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing

- 2 -

transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Galloway's plea was made both knowingly and voluntarily.

With respect to Galloway's sentence, appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence within a correctly calculated advisory guidelines range is presumptively reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 547 U.S. 1142 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Our review of the record reveals no procedural or substantive error with respect to Galloway's sentence. Galloway's 180-month sentence, the statutory minimum, is presumptively reasonable. See U.S. Sentencing Guidelines Manual § 5G1.2(b) (2005) (stating that, where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence). We therefore conclude that the district court did not abuse its discretion in imposing the sentence.[*]

---

[*]The district court issued an alternative judgment imposing a 135-month sentence based on Galloway's motion for a downward departure. However, the district court is not authorized to depart below a statutory mandatory minimum term of imprisonment absent a motion by the Government under 18 U.S.C. § 3553(e) (2000).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. We further conclude that the claims raised in Galloway's pro se supplemental brief are without merit. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Galloway, in writing, of his right to petition the Supreme Court of the United States for further review. If Galloway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Galloway. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

<u>Melendez v. United States</u>, 518 U.S. 120, 128-30 (1996). Because no such motion was filed in this case, the alternative judgment is of no effect.