**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4287**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE DOUGLAS ROBERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00012-RLV-CH-1)

Submitted: December 8, 2009          Decided: December 31, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Ann L. Hester, Kevin Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Douglas Roberson appeals from the sixty-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (C), 846 (2006). Roberson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Roberson's sentence was procedurally and substantively reasonable. Roberson was advised of his right to file a pro se brief, but has not done so. Finding no reversible error, we affirm.

Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 38, 49 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). It must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in 18 U.S.C. § 3553(a) (2006), before imposing its sentence. Gall, 552 U.S. at 49-50; see also Abu Ali, 528 F.3d at 260.

2

We review the district court's sentence for abuse of discretion. Gall, 552 U.S. at 41. First, we must ensure the district court did not commit any "significant procedural error," such as failing to properly calculate the advisory Guidelines sentence, consider the 18 U.S.C. § 3553(a) factors, or adequately explain the sentence. Id. at 51. Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, we consider it on appeal to be presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Our review of the record reveals that the district court properly calculated Roberson's applicable Guidelines range, taking into account the five-year statutory mandatory minimum sentence. Critically, because the Government did not move for a downward departure to reflect substantial assistance, the district court had no authority to depart below the mandatory minimum. 18 U.S.C. § 3553(e); Melendez v. United States, 518 U.S. 120, 125-26 (1996). Furthermore, Roberson's

3

within-Guidelines sentence is presumptively reasonable on appeal and Roberson has not rebutted that presumption. Therefore, we find that the district court committed no reversible error in sentencing Roberson to sixty months' imprisonment.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roberson, in writing, of his right to petition the Supreme Court of the United States for further review. If Roberson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberson. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>