**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4595**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS ALLEN RUSH,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00391-JAB-1)

Submitted: February 24, 2010      Decided: March 11, 2010

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Allen Rush appeals from the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of distribution of fifty-six grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). Rush's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Rush's sentence is reasonable in light of the 18 U.S.C. § 3553(a) (2006) sentencing factors. Rush was advised of his right to file a pro se brief, but has not done so. Finding no reversible error, we affirm.

Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 38, 49 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). It must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in § 3553(a) before imposing its sentence. Gall, 552 U.S. at 49-50; see also Abu Ali, 528 F.3d at 260.

When reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to consider the § 3553(a) factors or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, we consider it on appeal to be presumptively reasonable. United States v. Go, 517 F.3d 316, 318 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Our review of the record reveals that the district court properly calculated Rush's applicable Guidelines range, taking into account the ten-year statutory mandatory minimum sentence. Critically, because the Government did not move for a downward departure to reflect substantial assistance, the district court had no authority to depart below the mandatory minimum. 18 U.S.C. § 3553(e); Melendez v. United States, 518 U.S. 120, 125-26 (1996). Furthermore, Rush's within-Guidelines sentence is presumptively reasonable on appeal and Rush has not

3

rebutted that presumption. Therefore, we find that the district court committed no reversible error in sentencing Rush to 120 months' imprisonment.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rush, in writing, of his right to petition the Supreme Court of the United States for further review. If Rush requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rush. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4