**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5159**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

GREGORY LYNN LIVELY,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:08-cr-00236-JFM-1)

Argued: December 1, 2009          Decided:  August 4, 2010

Before TRAXLER, Chief Judge, and WILKINSON and MICHAEL, Circuit
Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Michael  Joseph  Leotta,  OFFICE  OF  THE  UNITED  STATES
ATTORNEY,  Baltimore,  Maryland,  for  Appellant.   Jason  Wayne
Shoemaker,  SHOEMAKER  &  CONNOR,  LLC,  Bethesda,  Maryland,  for
Appellee.   **ON BRIEF:** Rod J. Rosenstein, United States Attorney,
Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The government appeals Gregory Lively's sentence of one day in prison and a lifetime of supervised release for distribution of child pornography. The government argues that the district court was not authorized to impose a sentence below the statutory mandatory minimum of five years because counsel for the government did not make a substantial assistance motion under 18 U.S.C. § 3553(e). The government further argues that even if the district court was authorized, it erred by departing below the mandatory minimum for reasons unrelated to substantial assistance.[1] We agree with the government that the district court is not authorized to impose a sentence below the statutory minimum in the absence of a § 3553(e) motion. There remains a question, however, as to whether the government was obligated to make a § 3553(e) motion under the terms of Lively's plea agreement. If it was, the district court is authorized to impose a sentence below the statutory minimum but only for reasons related to Lively's substantial assistance. Accordingly, we vacate Lively's sentence and remand for the district court (1) to decide in the first instance whether the

---

[1] Because we vacate Lively's sentence on other grounds, we do not consider the government's additional arguments that the district court could not "deem" served the one day in prison and that Lively's sentence was substantively unreasonable.

government was obligated to make a § 3553(e) motion and (2) to impose an appropriate sentence.

## I.

Lively first attracted the attention of law enforcement when he purchased from an undercover website a video of an eight-year-old girl being raped. Federal agents traced the purchase to Lively's computer and his home address. When they arrived to make an arrest, they found a depressed young man in his early 20s living out of his parents' basement. Lively offered no resistance, confessed his guilt, and pointed agents to his computer where they found approximately 1300 images of child pornography. Lively told law enforcement that his involvement with child pornography was limited to trading pictures and videos online, occasionally purchasing but never selling or creating them. The pictures found on his computer featured adults having sex with various prepubescent children, some as young as eight years old. Lively said he felt guilty on several occasions, but always returned to trading.

Lively eventually pled guilty to one count of distribution of child pornography under 18 U.S.C. §§ 2254(a)(2)(A), 2256. The plea agreement noted that Lively's sentence was limited by statute to a maximum term of 20 years imprisonment and a minimum term of 5 years. Lively agreed to

3

cooperate with the government and, if instructed, to act in an undercover capacity to assist in criminal investigations. He accepted the government's guideline calculation of offense level 37, which incorporated a three-level reduction for substantial assistance. Regarding the obligations of the U.S. Attorney, the agreement provided as follows:

> If this Office determines that the Defendant has provided substantial assistance in an investigation or prosecution of others, and if he has fully complied with all of his obligations under this agreement, this Office will make a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), requesting that the Court sentence the Defendant in light of the advisory factors set forth in § 5K1.1(a)(1)-(5) and requesting a downward departure of up to two (2) levels. The Court is authorized to grant such a departure pursuant to 18 U.S.C. § 3553(e). This Office shall have sole discretion in determining whether the Defendant has provided such substantial assistance and, therefore, whether to make any motion pursuant to § 5K1.1 and 18 U.S.C. § 3553(e). . . . If this Office makes a motion for a departure under § 5K1.1 and 18 U.S.C. § 3553(e), the Defendant is not bound by the departure level recommended by this Office. . . . It is understood that, even if such a motion is made, the sentence to be imposed on the Defendant remains within the sole discretion of the Court.

J.A. 10-11. The agreement also provided that the U.S. Attorney "waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of 35." J.A. 11. The agreement would not, however, constrain the U.S. Attorney from appealing a sentence "that is illegal or that . . . is less than any applicable statutory mandatory minimum provision." J.A. 11.

4

At sentencing Lively put on several witnesses, including members of his family and his therapist. They testified that he had recently been making great strides in therapy and that he was not a danger to society. Drawing on the therapist's testimony in particular, defense counsel argued that no jail time and a sentence of lifetime supervised release was appropriate.

The government moved for a two-level departure under § 5K1.1 and advocated for an offense level of 35 and a sentence of 168 months — the low end of the guideline range for offense level 35, criminal history category I. The government told the court that Lively had provided substantial assistance to the government by allowing federal agents to use his online screen name and related information to investigate two of his child pornography trading partners. One of these partners was prosecuted and sentenced to 30 years in prison for the distribution of child pornography. At no point, however, did the government expressly make a motion, either verbally or in writing, under § 3553(e).

The district court asked the government about the existence of a mandatory minimum and the court's authority to sentence below that minimum. The following colloquy transpired:

THE COURT:    Is there a mandatory minimum?

5

MS. GREENBURG: Your Honor, there's a five-year mandatory minimum, but of course, there is a 5K motion.

THE COURT: Which takes it under?

MS. GREENBURG: Your Honor, the position of the office, I hate to — the position of the office is that the 5K only gets it — because the advisory guideline range is well above the mandatory minimum, it gets down the two-levels doesn't get below the —

THE COURT: What's the legality of that? I mean, some motions for downward departure — I mean, there's a legal question here, whether or not a motion for cooperation takes it under the mandatory minimum.

MS. GREENBURG: If the cooperation is of — to the extent to get below the mandatory minimum. In this case the Court would have to find that the cooperation was worth —

THE COURT: That's what the state of the law is?

MS. GREENBURG: I believe so.

J.A. 76. Shortly after this colloquy, the district court announced its sentence.

The district court imposed a sentence of one day of imprisonment and a lifetime of supervised release. Although Lively had not previously been incarcerated, the district court "deemed" the one day of imprisonment to have already been served. The district court began its explanation of the sentence by granting the government's motion for a downward departure. Instead of departing downward by two levels as recommended by the government, the court departed downward by eleven levels, reasoning that "the two levels suggested by the

6

Government clearly is inadequate, since [Lively's] cooperation resulted in a 30-year incarceration of someone who was molesting their grandchildren." J.A. 80-81. Believing an eleven-level departure brought Lively's range below the mandatory minimum (which would have required a twelve-level departure), the court then proceeded to vary the sentence all the way down to one day of imprisonment. In explaining the variance below the statutory minimum, the district court diligently applied the § 3553(a) factors. Finally, the court imposed a lifetime of supervised release under terms including the installation of monitoring software on computers in Lively's home.

After announcing its sentence, the district court acknowledged that there remained a "real question [as to] whether I'm properly applying the sections — the factors under 3553, taking the guidelines into account." J.A. 92. Ultimately, however, the court concluded that "this sentence is the right sentence." J.A. 95. The government now appeals.

## II.

We agree with the district court that the primary issue is whether it correctly applied § 3553. We also agree with the parties that, on this issue, United States v. Allen, 450 F.3d 565 (4th Cir. 2006) controls. Our interpretation of

7

<u>Allen</u>, however, requires a different result from that reached by the district court and that requested by either party.

In <u>Allen</u> we held that district courts could not sentence defendants below a statutory minimum unless §§ 3553(e) or (f) permitted them to do so.  450 F.3d at 568.  Section 3553(f) does not apply to this case.  Accordingly, <u>Allen</u>'s holding requires this panel to vacate and remand unless the conditions of § 3553(e) are met.  That provision reads:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Citing <u>Melendez v. United States</u>, 518 U.S. 120 (1996), the panel in <u>Allen</u> held that § 3553(e) was not satisfied if the government merely moved for a departure under § 5K1.1.  <u>Allen</u>, 450 F.3d at 568.  Rather, "before a district court could sentence below a statutory mandatory minimum, the government must specifically move [under § 3553(e)] for such departure."  <u>Id.</u>

Applying this rule to the facts before it, the panel in <u>Allen</u> held that the district court had erred because it departed below the statutory minimum in the absence of a § 3553(e) motion.  <u>Id.</u> at 570.  In determining that no motion

8

had been made, the panel relied primarily on the fact that the government had made no mention of § 3553(e) at sentencing or in its briefs. It also noted that the plea agreement had referred to the statutory minimum but not § 3553(e), and that the agreement contained an exception to the government's waiver of appeal for sentences below the statutory minimum. Id. at 569.

The panel rejected the argument that the district court was authorized to depart below the mandatory minimum because the government had intended to make a motion under § 3553(e). Counsel for the government actually admitted at oral argument: (1) that the government had intended to move under § 3553(e); (2) that it was official policy for the motions to be made with 5K1.1 motions; and (3) that the parties and the district court had worked from the premise that the § 5K1.1 motion encompassed § 3553(e). Counsel for the defendant further represented that his client would not have pled guilty had the court been constrained. The panel nevertheless interpreted § 3553(e) strictly and held that no motion had been made and that remand was therefore necessary. Id.

In a final footnote, the panel observed that "[g]iven counsel for the government's concession at oral argument that he intended the § 5K1.1 motion to include, albeit sub silentio, a § 3553(e) motion as well, one would assume that the government has obligated itself to do so on remand." Id. at 570 n.5.

9

Assuming the government made that motion on remand, the panel emphasized that the district court should still calculate the guideline range and assess under the § 3553(a) factors whether a guideline sentence would be appropriate.

We think it is clear from <u>Allen</u> that the government did not make a § 3553(e) motion in this case. Section 3553(e) was never mentioned during the sentencing hearing, and no written motion citing § 3553(e) was submitted to the court. Regardless of what the government intended at the time — and unlike in <u>Allen</u>, the government here denies that it ever intended to make a motion under § 3553(e) — it did not make a § 3553(e) motion. Accordingly, the district court was not authorized to depart or impose a variance below the statutory minimum.[2]

Lively argues that <u>Allen</u> is distinguishable because the plea agreement in that case did not mention § 3553(e) while the plea agreement in this case does. We do not think this difference is material. The reference in the plea agreement to the government making a motion "under § 5K1.1 and 18 U.S.C.

---

[2] Lively argues that even if § 3553(e) did not authorize the imposition of a sentence below the statutory minimum, the district court retains discretion to impose a sentence outside the statutory range under <u>United States v. Booker</u>, 543 U.S. 220 (2005). This argument is foreclosed by circuit precedent. <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005).

10

§ 3553(e)" suggests that the government intended to make both motions upon a showing of substantial assistance. It does not establish that the government actually made such a motion. Similarly, the colloquy concerning the mandatory minimum that transpired between the district court and the government suggests only that the government believed a § 5K1.1 motion permitted the district court to depart below the mandatory minimum. J.A. 76 ("Your Honor, there's a five-year mandatory minimum, but of course, there is a 5K motion."); id. ("If the cooperation is of — to the extent to get below the mandatory minimum. In this case the Court would have to find that the cooperation was worth [an amount taking it below the minimum]."). To the extent Lively is arguing that we should imply from this colloquy that the government in fact made a § 3553(e) motion, we decline to do so. There are no implied § 3553(e) motions. Either the government expressly makes the motion or it doesn't.

The reference in the plea agreement to the government making a motion "under § 5K1.1 and 18 U.S.C. § 3553(e)" is not, however, meaningless. Indeed, we think that, as in Allen, the government may have been obligated to make a § 3553(e) motion. The plea agreement expressly provides that the government "will make a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)" if it determines that Lively provided substantial

11

assistance. If the government had wanted to reserve discretion to make one or the other or both motions even after finding substantial assistance, it could have simply replaced the "and" with an "or". In fact, the phrase appears three times in the relevant portion of the plea agreement, and the word "and" is used in each.

We need not decide this issue here or address the government's position at oral argument that, read as a whole, the plea agreement is best read to give the government discretion to make a § 3553(e) motion. The issue was not briefed by the parties, and interpreting the agreement may require findings of fact. Accordingly, the district court on remand should decide in the first instance whether the government was contractually obligated to make a § 3553(e) motion after determining that Lively provided substantial assistance.

Finally, we note that if the government was obligated to make a § 3553(e) motion, the district court may not, as it did here, justify imposing a sentence below the statutory minimum based on the § 3553(a) factors. District courts have discretion to impose a non-guideline sentence between the statutory maxima and minima, provided the sentence comports with procedural and substantive reasonableness. See United States v. Curry, 523 F.3d 436, 439 (4th Cir. 2008). Applying the

12

§ 3553(a) factors is just one requirement of procedural reasonableness. If the government was obligated to make a § 3553(e) motion, then and only then is the district court authorized to impose a sentence below the mandatory minimum. Furthermore, while the district court may justify imposing the statutory minimum based solely on the § 3553(a) factors, it may justify imposing a sentence below the minimum only by reference to the defendant's substantial assistance. United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009); 18 U.S.C. § 3553(e). "As the plain language of the statute makes clear, § 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence." United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). "[T]he district court should use the factors listed in § 5K1.1(a)(1)-(5) as its guide when it selects a sentence below the statutorily required minimum sentence." Id.

III.

For the reasons stated, we vacate Lively's sentence and remand for the district court both to determine whether the government obligated itself to make a § 3553(e) motion and to impose a new sentence consistent with this opinion.

VACATED AND REMANDED