NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1264
_____

UNITED STATES OF AMERICA

v.

WENDIE MICHEL BROWN,
                                        Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court  No. 3-08-cr-00055-001
District Judge: The Honorable Curtis V. Gómez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed:  December 29, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

A petit jury convicted Wendie Michel Brown of nineteen counts of wire fraud in

violation of 18 U.S.C. § 1343.  This timely appeal followed.   Brown presents four

questions for review: (1) whether the District Court erred in denying her motion to

dismiss the Indictment for violations of the Speedy Trial Act and the Sixth Amendment

guarantee of a speedy trial; (2) whether the District Court erred in excluding testimony regarding her employment discrimination claim; (3) whether certain errors that occurred in the grand jury proceeding warranted dismissal of the Indictment; and (4) whether the admission of certain original documents used in executing the wire fraud scheme was improper.[1]  The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a).  We exercise jurisdiction pursuant to 28 U.S.C. § 1291.  We will affirm.

A grand jury returned an Indictment on November 6, 2008, charging Brown with nineteen counts of wire fraud in violation of 18 U.S.C. § 1343.  The Indictment alleged that Brown, while employed by the Bank of Nova Scotia as an assistant manager of sales and marketing, fraudulently created nineteen bank checks and debit slips as though they represented payment for an invoice for Bank supplies.  The checks, however, were deposited in an account, from which Brown accessed the funds.[2]

An assistant federal public defender entered an appearance for Brown.  Thereafter, defense counsel filed a motion to extend the time for filing pretrial motions, citing the production of numerous documents and a rapidly approaching trial date.  On the heels of this motion, Brown filed an Application and Checklist for Speedy Trial Extension

---

[1]  Although Brown presents an additional issue for our review, she did not provide any legal argument on that issue.  Because an appellant's failure to present legal argument in support of an issue constitutes a waiver of that issue on appeal, we do not address the unargued question listed in Brown's "Questions Presented for Review," *i.e.*, "Whether the [District] Court erred in sustaining objections to counsel's opening, presentation of witnesses and evidence on behalf of Wendie Brown." *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (citing Fed. R. App. P. 28).

[2]  A Superceding Indictment and a Second Superceding Indictment were filed, respectively, in July and September of 2009, alleging the same nineteen counts of wire fraud in violation of 18 U.S.C. § 1343. The differences are not material to our decision.

(Application) that "move[d]" the District Court "to extend the period of time within which this matter must be tried[.]"  The Application indicated that Brown was aware of the requirements of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, that additional time was needed to explore plea options and to adequately prepare for trial, that she voluntarily and knowingly waived her right to a speedy trial under the Act, and that she sought this extension with the advice and consent of counsel.  On January 12, 2009, the District Court granted an extension until March 9, 2009, and specifically found that the extension "would be in the best interest of justice" because of the demands of discovery and the need for reasonable time to prepare for trial.

In February of 2009, Brown filed a second Application, "mov[ing]" for an extension of the trial date to June 9, 2009.  This second Application cited the need for further discovery, review and expert consultation.  It was signed by both Brown and her defense counsel.  The Court did not rule on the motion, holding several status conferences instead.  Brown filed a third Application on May 8, 2009.  This too was signed by Brown and her defense counsel.  On June 3, defense counsel filed another motion to continue, which explained that Brown had received a favorable decision in an employment discrimination matter, and that counsel needed time to determine if this would provide her with a defense.

On June 4, Brown's current counsel filed an entry of appearance, and within days moved to continue the trial date.  The Court granted a request by Brown's assistant federal public defender to withdraw.  On July 15, Brown's current counsel filed a motion to dismiss the Indictment based on violations of the Speedy Trial Act and the Sixth

3

Amendment guarantee of a speedy trial. After a hearing, the District Court denied the motion to dismiss. In a thorough memorandum opinion, the Court explained its computation under the Speedy Trial Act, concluding that there had not been a violation of the Act's 70-day time limit. In reaching this conclusion, the Court treated Brown's Applications as motions that tolled the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D). Thereafter, additional motions were filed before trial commenced on September 28, 2009. Three days later, the jury found Brown guilty on each of the nineteen counts of wire fraud.

On appeal, Brown contends that the District Court erred in denying her motion to dismiss for speedy trial violations. She does not take issue with the District Court's calculation. Rather, she contends that the Court erred by considering the Applications as motions that tolled the speedy trial clock. This was error, according to Brown, because she did not intentionally and knowingly relinquish her right to a speedy trial under the Act.

We conduct de novo review of a district court's interpretation of the Speedy Trial Act. *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 n.3 (3d Cir. 1988). We agree with the District Court that the Applications qualified as motions under Federal Rule of Criminal Procedure 47 inasmuch as they specifically requested an extension of time and cited reasons for such an extension. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) (observing that "the term 'motion' generally means '[a]n application made to a court or judge for [the] purpose of obtaining a rule or order directing some act to be done in favor of the applicant'") (quoting Black's Law Dictionary 1013 (6th

4

ed.1990)). Because the Applications constituted motions, the District Court appropriately concluded that they tolled the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D) and (H) for 30 days. *See Henderson v. United States*, 476 U.S. 321, 327-29 (1986) (observing that a pretrial motion allows exclusion for up to 30 days while the district court has the motion under advisement); *see also Bloate v. United States*, __ U.S. __, 130 S. Ct. 1345, 1353 (2010) (pointing out that delay from the filing of pretrial motions is automatically excludable under § 3161(h)(1)(D) through either "prompt disposition" by the Court or the expiration of the 30 day period that the motion is taken under advisement).

Brown argues, however, that the Applications cannot toll the speedy trial clock because she did not knowingly and intentionally relinquish her rights under the Speedy Trial Act. Tolling the speedy trial clock, however, does not require a knowing and intelligent waiver by a defendant of her rights under the Speedy Trial Act. The Act contemplates that motions for extensions of time may be filed "at the request of the defendant *or* his counsel[.]" 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Thus, a motion by counsel for an extension of time tolls the speedy trial clock regardless of whether the defendant knowingly assents.[3] *See New York v. Hill*, 528 U.S. 110, 115 (2000) (acknowledging that language in the Interstate Agreement on Detainers Act that allows "the court to grant 'good-cause continuances' when either 'prisoner *or his*

---

[3] We disagree with Brown's assertion in her reply brief that the Supreme Court's decision in *Zedner v. United States*, 547 U.S. 489 (2006), is controlling. In that case, the Supreme Court considered whether the time granted by an "ends of justice" continuance under § 3161(h)(8), now codified at § 3161(h)(7)(A), was excludable. We are concerned with § 3161(h)(1)(D) and (H), which stops the clock when the motion is filed until either the District Court rules on the motion or for a 30 day period while the motion is under advisement, whichever is earlier.

5

*counsel*' is present . . . contemplates that scheduling questions may be left to counsel" (emphasis in original)); *see also United States v. Fields*, 39 F.3d 439 (3d Cir. 1994) (rejecting defendant's argument that the continuance requested by counsel, to which the defendant acquiesced, should not be excludable time for purposes of the Speedy Trial Act). In the absence of a violation of the Speedy Trial Act, we will not set aside the District Court's order denying the motion to dismiss.

Brown also asserts that her Sixth Amendment right to a speedy trial was violated as a result of the nine month delay between her Indictment and her trial. The District Court rejected this argument in its memorandum opinion, thoroughly analyzing the four prongs of the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). We review de novo the District Court's legal conclusion and conduct clear error review of the factual findings underpinning that conclusion. *United States v. Battis*, 589 F.3d 673, 677 (3d Cir. 2009). For substantially the reasons given by the District Court, we will affirm its order denying Brown's motion to dismiss on the basis of a Sixth Amendment speedy trial violation.

Brown's second question for review challenges the District Court's exclusion of evidence regarding her employment discrimination claim against her former employer, the Bank of Nova Scotia, which was the victim of Brown's wire fraud scheme. At trial, Brown's counsel sought to introduce evidence regarding Brown's discrimination claim in an attempt to show that the Bank retaliated by initiating this criminal investigation, which resulted in a 19-Count Indictment. The Court refused. It conducted a balancing test under Federal Rule of Evidence 403 and ruled that the evidence was inadmissible. It

6

explained that the Bank was not a party to the action and that evidence regarding Brown's discrimination claim would create a distraction for the jury by raising issues that were not before them in this criminal proceeding. The Court advised defense counsel that its ruling did not preclude him from examining any witness regarding credibility issues.

We review a trial court's exclusion of evidence under Rule 403's balancing test for an "abuse of discretion, which means we must uphold the District Court unless its ruling was arbitrary or irrational." *United States v. Green*, 617 F.3d 233, 251-52 (3d Cir. 2010) (internal quotation marks omitted). We conclude that the District Court appropriately performed the balancing test and correctly excluded the discrimination claim.[4]

Brown also challenges the District Court's refusal to dismiss her Indictment on the basis that certain errors by the prosecution affected the grand jury's charging decision.[5] Even if we assume that the prosecution erred during the grand jury proceeding as Brown claims,

> the petit jury's subsequent guilty verdict means not only that there was

---

[4] Brown argues in both her principal brief and her reply brief that the court deprived her of her right to testify on her own behalf. Brown does not provide a citation to the record to support this assertion. Nor have we located any ruling by the District Court precluding her from testifying. Accordingly, because this legal argument lacks any factual basis, we do not address it.

[5] Brown also asserts in this section of her brief that the Indictment and the Superceding Indictments were defective. Appellate Rule 28(a)(9) requires an appellant to present argument with citations to authority and that portion of the record on which she relies. Because Brown has presented neither legal argument nor citations to the record, we deem any argument Brown may have raised regarding the sufficiency of the Indictment as waived. Fed. R. App. P. 28(a)(9); *Kost,* 1 F.3d at 182.

probable cause to believe that [Brown was] guilty as charged, but also that [she is] in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

*United States v. Mechanik*, 475 U.S. 66, 70 (1986); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988).

Brown's fourth question for review contends that the Court erred by allowing the introduction into evidence of certain original checks. Brown submits, without citation to any legal authority or to that portion of the record on which she relies, that the checks should not have been admitted into evidence because they had been altered from their original state. We review evidentiary rulings for an abuse of discretion. *Green*, 617 F.3d at 239. We see no abuse by the District Court. The fact that the original check may have been subsequently altered is a matter that affects the weight the jury accords that evidence, not its admissibility.

For the reasons set forth above, we will affirm the judgment of the District Court.