**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4019
_____

UNITED STATES OF AMERICA

v.

CLIFFORD FLEMING,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cr-00064-001)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2013

Before: SMITH, FISHER, and CHAGARES, Circuit Judges.

(Filed: July 9, 2013 )

_____

OPINION
_____

CHAGARES, Circuit Judge.

Clifford Fleming was sentenced to 87 months of imprisonment for possession and

distribution of methamphetamine and use of a firearm during a drug trafficking crime.

That sentence reflected the District Court's decision to grant the Government's motion

for a downward departure based on cooperation.  Fleming appeals his sentence, arguing that the District Court should have granted him a further downward departure.  For the reasons explained below, we will affirm the District Court's judgment of sentence.

I.

Because we write solely for the benefit of the parties, we will recount only those facts necessary to our disposition.

Fleming pled guilty to two counts of the indictment:  Count 1, which charged him with distributing and possessing with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. § 841(A)(1) and Count 2, which charged him with using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  The District Court determined that Fleming had a total offense level of 25 with a criminal history category of I on Count 1, which translated to an advisory guidelines range of 57 to 71 months.  On Count 2, the District Court determined that Fleming was subject to a five-year mandatory minimum sentence, which he was required to serve consecutively to his sentence on Count 1.

Due to Fleming's cooperation with law enforcement, the Government moved for a seven-level reduction on Count 1 pursuant to section 5K1.1 of the United States Sentencing Guidelines.  Appendix ("App.") 51.  The Government explicitly declined to move for a sentence below the mandatory minimum applicable to Count 2.  Supplemental App. 5-6.  The District Court granted the Government's motion, making Fleming's new range on Count 1 27 to 33 months.  Following the Government's recommendation that Fleming be sentenced at the bottom of this range, the District Court imposed a sentence

of 27 months on Count 1 and 60 months, the statutory minimum, on Count 2. Fleming now argues that the District Court erred in imposing the mandatory minimum sentence on Count 2, suggesting that he should have received an even greater downward departure.

## II.[1]

It is not entirely clear whether Fleming argues that the District Court committed error by not departing downward further than it did or by failing to recognize that it had the ability to depart below the five-year mandatory minimum sentence applicable to Count 2. In either case, his challenge is meritless. To the extent that his appeal is based on a belief that he should have been granted a greater downward departure, this Court lacks jurisdiction to consider it. United States v. Cooper, 437 F.3d 324, 332-33 (3d Cir. 2006) (reaffirming our earlier holding that appellate courts lack jurisdiction to entertain appeals challenging the extent of downward departures), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007). If, on the other hand, Fleming suggests that the District Court was incorrect in treating the mandatory minimum as mandatory, his suggestion is simply incorrect. The Government's section 5K1.1 motion was a limited motion that only sought a downward departure on Count 1; the motion specifically stated that the Government did not move for a sentence below the mandatory minimum and consecutive nature of Count 2 and the Government never filed a separate motion under 18 U.S.C. § 3553(e) asking the District Court to depart below the statutory minimum. Under such circumstances, the District Court did not have the authority to

---

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

3

depart below the mandatory minimum.  <u>Melendez v. United States</u>, 518 U.S. 120, 123 (1996).

III.

For the foregoing reasons, we will affirm the District Court's sentence.